JOHN JOHANNSEN, RESPONDENT, v. UNION IRON WORKS, A CORPORATION, APPELLANT.

Submitted March 27, 1922—Decided June 23, 1922.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"John Johannsen was a machinist and an employe of the Union Iron Works. While engaged in the work of shaping an iron casting a piece of the casting broke and a chip struck his left eye, cutting it badly. The accident occurred on August 10th, 1920, and Johannsen resumed work on September 13th, 1920; but was unable to continue at work on account of an impairment of his vision. He was compelled to procure glasses and will be obliged to wear them permanently to continue his work. Upon petition to the workmen's compensation bureau, Johannsen asked for compensation of $12 per week for thirty-three and one-third weeks for the permanent loss of one-third of an eye. He had received compensation for his temporary disability. The amount asked for, $400, was awarded the petitioner. The Union Iron Works appealed the award to the Hudson County Court of Common Pleas, which gave judgment for the amount awarded by the compensation bureau, holding that the evidence warranted the finding of permanent disability. To review this judgment the writ of *certiorari* was allowed.

"There are nine reasons alleged by the prosecutor for reversal. These may, however, be considered under two groups or heads; the first, that Johannsen did not sustain a loss of one-third of the vision of his left eye, and, the second, that where after injury the vision of an eye can be restored to normal by the use of glasses the employe is not entitled to compensation for permanent disability.

"The evidence offered before the Court of Common Pleas upon the question of the *quantum* of loss of vision of the petitioner's left eye was conflicting. The evidence of Dr.

Botti was a one-third loss of vision of the left eye. Dr. Dias, called as a witness for the respondent, denied this, and gave it as his opinion that there was no injury to the left eye. It was for the court to determine from this conflicting evidence whether or not there was an impairment of the vision of the left eye. The court found as a fact that there was an impairment and in its findings fixed the impairment as one-third the vision of the left eye and that this impairment was permanent. Where the court below has found upon evidence a fact this court has not the power to review and weigh the testimony and reach an opposite conclusion, as the statute declares the decision of the Court of Common Pleas upon questions of fact to be conclusive and binding. *Sexton* v. *Newark District Telegraph Co.,* 84 *N. J. L.* 85. The finding of the Court of Common Pleas of a one-third loss of vision of the left eye must be accepted as a finality.

"This leaves for consideration the only other question in the case, whether there can be said to be a permanent injury where after an accident to the eye the normal sight therefrom can be obtained through proper lenses in glasses, for it is admitted that the petitioner's sight with glasses is normal. The contention of the prosecutor must rest upon the proposition that a workman with glasses is the equal of a workman who does not have to depend upon glasses for proper vision. This means, using another illustration, that a laborer who has to wear a brace upon a weak or injured leg to get the same efficiency from the leg as if it were a sound member is on a parity with a laborer who has a perfect leg and requires no brace. We cannot accept this view. It seems to us that where one must depend upon some mechanism, braces or glasses to enable a member of the body to function properly and such necessity is the result of accident, that such member is permanently impaired. An eye, dependent upon glasses for normal vision is not as good as an eye which requires no such aid for its vision.

"For these reasons the writ should be dismissed and the judgment below affirmed, with costs."

For the appellant, *Collins & Corbin.*

For the respondent, *Nathaniel Kent.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, PARKER, BERGEN, MINTURN, KALISCH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, VAN BUSKIRK, JJ. 11.

*For reversal*—None.