ALESSANDRO PETRILLO CO. *vs.* LUIGI MARIONI.

(*November* 13, 1925.)

RICHARDS and RODNEY, J. J., sitting.

*Elwood F. Melson* for appellant.

*Daniel dePace* for appellee.

Superior Court for New Castle County, September Term, 1925.

RODNEY, J., delivering the opinion of the Court:

The issue in this case is a comparatively narrow one. It is not disputed that the appellee suffered a partial but permanent injury to the vision of his left eye and is entitled to some compensation. The sole question to be determined is whether in computing an award for a fractional loss of vision of a claimant, such award should be based upon the percentage of loss of vision without the use of glasses or whether such award should be based upon the percentage of loss of vision when such vision is aided and affected by the artificial means of a corrective lens.

We see nothing in the act indicative of any intention on the part of the Legislature that a corrective lens should be considered in determining the loss of the fractional part of the vision of an eye. It is apparent from the act that the thing to be compensated is the loss of vision attributable to a permanent injury. It is not denied that the injury resulted in an 80 per cent. loss of vision.

This is the condition immediately after the accident and resulting from it. It may be true that an artificial instrumentality, such as glasses or a corrective lens may subsequently be used, by virtue of which the loss of vision may be reduced from 80 per cent. to 10 per cent. during the time such glasses are actually in use, but the loss suffered by the injury remains the same and is the compensable basis.

If 80 per cent. of the vision of an eye is destroyed in an accident and yet the injured person while actually using specially prepared glasses can obtain his normal sight, can it be successfully contended that no loss or injury at all has been sustained? Such a position is, indeed, difficult to maintain.

The very fact that artificial instrumentalities such as glasses, braces, and artificial limbs are necessary to be used is in itself evidence of the permanency of the injury, but the use of the mechanism itself, although it may allow a member to function with entire normality, yet it cannot obliterate the effect of the accident causing the injury.

The action of the Accident Board in basing the award on the loss of vision without the use of à corrective lens is amply supported by authority. *Butch v. Shaver*, 150 *Minn.* 94, 184 *N. W.* 572; *Globe Cotton Oil Mills v. Industrial Accident Commission*, 64 *Cal. App.* 307, 221 *P.* 658; *Juergens Bros. Co. v. Industrial Commission*, 290 *Ill.* 420, 125 *N. E.* 337; *Johaunsen v. Union Iron Works*, 97 *N. J. Law*, 569, 117 *A.* 639.

Since the argument in this case the Supreme Court of Oklahoma has passed upon the precise question here involved. In *Marland Refining Co. v. Colbaugh (Okl. sup. July*, 1925), 238 *P.* 831, the court held that the Industrial Commission was not required to take into consideration that the loss sustained might or might not be minimized by artificial means.

A number of cases are cited to us from the jurisdiction of New York, Pennsylvania and Michigan as having arrived at different conclusions from the one herein reached. It may be sufficient to suggest that these cases are determined upon their particular statutory enactments. Most or all seem founded upon statutes based upon the theory that compensation was only payable in cases such as the present one when the accident led to loss of earning power. *Marhoffer v. Marhoffer*, 220 *N. Y.* 543, 116 *N. E.* 379; *Frings v. Pierce Arrow Motor Co.*, 182 *App. Div.* 445, 169 *N. Y. S.* 309, 311; *McNamara v. McHarg-Barton Co.*, 200 *App. Div.* 188, 192 *N. Y. S.* 743, 745; *Cline v. Studebaker Corporation*, 189 *Mich.* 514, 155 *N. W.* 519, at 521, *L. R. A.* 1916C, 1139; *Fillip v. Cramp, etc., Co.*, 80 *Pa. Super. Ct.* 68 at 71.

The Delaware Act makes a permanent injury to an eye compensable "regardless of the earning power of such injured employee after such injury."

We are of the opinion that the award of the Industrial Accident Board should be affirmed.

It is ordered that a copy of this opinion be filed in the Prothonotarys Office of this County and a certified copy sent to the Industrial Accident Board. The costs are hereby taxed against the Alessandro Petrillo Co., the appellant.