## PARROTT MOTOR CO. et al. v. JOLLS et al.

No. 24959.   March 6, 1934.

Rehearing Denied April 24, 1934.

Ray Teague, Jas. C. Cheek, and Frank E. Lee, for petitioners.

Murrah & Bohanon and M. F. Boddie, for respondents.

CULLISON, V. C. J.   This is an original proceeding to review an award of the State Industrial Commission rendered on July 31, 1933, in favor of claimant herein.

The petitioners contend that:

"The award or order of the Commission allowing compensation for permanent total disability on account of injury to a remaining eye is not supported by any competent evidence and is clearly erroneous; that the Commission should have taken into consideration that the loss of vision in the remaining eye could be minimized by artificial means and allowed a credit therefor; that claimant is not totally disabled as contemplated by law."

The record discloses that claimant had lost the vision in his left eye several years previous to the accidental injury under consideration, and that said eye had been totally blind since said injury.

Claimant received an accidental injury to the right eye while in the employ of petitioner, and as a result of said injury an operation was performed upon the right eye and the lens removed therefrom.

The Commission found that claimant had sustained a total loss of industrial vision in his right eye and that his left eye was already blind, and awarded claimant 500 weeks' compensation for permanent total disability.

The evidence discloses that while there is some conflict between the experts as to the exact amount of vision lost to claimant's right eye, yet there is competent expert testimony in the record supporting the finding of the Commission. This brings said case within the rule, where there is competent evidence supporting the award of the Commission the same will not be vacated.

The second part of petitioners' contention urges that:

"The amount of loss of vision in the remaining injured eye could be minimized by artificial means"

—and as a result thereof, claimant was not entitled to total disability for a period of 500 weeks.

This court has previously passed upon said question in the case of Marland Refining Co. v. Colbaugh, 110 Okla. 238, 238 P. 831, wherein the court held:

"The State Industrial Commission is not required, under the Workmen's Compensation Act, to take into consideration that the effect of a permanent injury to the eye might be minimized by artificial means, in fixing the award for such permanent injury."

In the case at bar claimant's eye was almost useless unless fitted with glasses which focused the vision at a particular distance, and then he could not visualize except at that particular distance. He had no natural means of focusing his sight on an object because the lens had been removed from the injured eye.

The case comes squarely within the rule of the Marland case.

We therefore hold that the petition to review should be denied.

RILEY, C. J., and ANDREWS, OSBORN, and BUSBY, JJ., concur.