## IN THE MATTER OF SECURING COMPENSATION BY WALTER MARTIN.

### No. 2192.

SUBMITTED APRIL 9, 1935.                    DECIDED APRIL 26, 1935.

COKE, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY COKE, C. J.

The above cause comes here from the industrial accident board of the City and County of Honolulu upon a question of law certified to this court under section 7518, R. L. 1935. The specific reservation is: "Should this

board, in computing claimant's wages under section 3618, Revised Laws of Hawaii, 1925, exclude amounts earned by claimant for overtime in view of the provisions of section 3663, Revised Laws of Hawaii, 1925, subsection (b)." Accompanying the reservation is a statement by the board of the facts upon which the reservation is based, as follows: "Upon claim duly filed by the above named claimant with this board, this board has found claimant entitled to compensation by reason of personal injury received by accident arising out of and in the course of claimant's employment with E. E. Black, Limited, a Hawaiian corporation. The board has further found that claimant was employed by said employer in the execution of a contract by and between said employer and the County of Maui, on a Public Works Administration, United States Government Project; that claimant's average basic pay prior to the injury sustained was $23.08 per week; that by reason of overtime work, in the same employment, which claimant was permitted to perform, claimant added to said weekly wage a further weekly amount averaging $9.17." This recitation lacks the quality of definiteness necessary to a clear understanding of the facts upon which the point of law is predicated. (See *Re Yellow Taxicab Co.*, 31 Haw. 554.) But if we assume that the expression "overtime work in the same employment which claimant was *permitted* to perform" (italics ours) means overtime services for which the employer, either by express or implied agreement, was obligated to pay, it follows that the injured workman received from his employer a weekly wage of $32.25, which became his weekly earnings for both regular and overtime services. It seems to us to be beyond rational doubt that the wage basis to be employed in ascertaining claimant's average weekly earnings must necessarily include his remuneration for overtime services.

Section 7495, R. L. 1935, provides: "Average weekly wages shall be computed in such a manner as is best calculated to give the average weekly earnings of the workman during the twelve months preceding his injury; provided, that where, by reason of the shortness of the time during which the workman has been in the employment, or the casual nature of the employment, or the terms of the employment, it is impracticable to compute the rate of remuneration, regard may be had to the average weekly earnings, which, during the twelve months previous to the injury, were being earned by a person in the same grade employed at the same work by the employer of the injured workman, or if there is no person so employed, by a person in the same grade employed in the same class of employment and in the same district. If a workman at the time of the injury is regularly employed in a higher grade of work than formerly during the year and with larger regular wages, only the larger wages shall be taken into consideration in computing his average weekly wages." The above statute prescribes a formula for the computation of wages of an injured employee, the cardinal requisite of which is to ascertain his average weekly earnings received for services rendered to the employer. It is entirely immaterial whether the employee works one hour or eighteen hours per day. Wages paid for services performed outside of the usual hours of labor designated "overtime" represent earnings to the same extent and in the same manner that wages paid for services performed within regular hours represent earnings.

In the present case if the injured employee worked the entire year and received for his services a definite amount, the average weekly wage would be the total received divided by fifty-two. If he worked less than a year then the statute provides the method or methods by which the av-

erage weekly wage may be ascertained, emphasizing all the while that it is the average weekly earnings which are to be ascertained and when ascertained to be used as the basis of computation. The ultimate purpose of the statute is to compensate the injured workman, in part at least, for the actual wages which but for the accident he would have earned.

Paragraph eight of section 7540, R. L. 1935, defines wages as follows: " 'Wages' shall include the market value of board, lodging, fuel and other advantages which can be determined in money which the employee receives from the employer as a part of his remuneration."

A recent case in point is *Baltimore & Philadelphia Steamboat Co.* v. *Norton,* 48 Fed. (2d) 57. The court, in construing the application of the Federal Longshoremen's and Harbor Workers' Compensation Act (33 USCA §921), held that in determining the amount of salary earned by the injured workman, in order to fix the amount of compensation payable to him, the wages received from his employer, including pay for overtime, were the proper basis for such determination. The syllabus contains the following statement: "Compensation to employee under statute should conform to actual wages which employee would have earned, including overtime." In *Clark* v. *Forest Lumber Co.,* 120 So. 88, it appears that Clark, the injured employee, rendered dual services to the lumber company. During the daytime he fired an engine and was a watchman on it at night. For his daytime service he received $3.75 and as watchman he received $2.50, making a total wage of $6.25 per day of twenty-four hours. The court found that the employee's weekly wage was $43.70 and adopted this sum as the basis for computation and held that the compensation received for both classes of employment was his true earnings and that compensation for his injury

should be awarded accordingly. (See also *Begendorf* v. *Swift & Co.*, 183 N. Y. S. 917; *Bryant* v. *Pullman Co.*, 177 N. Y. S. 488; *Gross' Case*, 166 Atl. 55.)

The reserved question is answered in the negative.

*J. R. Desha,* Deputy City and County Attorney, for the Industrial Accident Board.

*W. R. Ouderkirk* for the employer.