POCAHONTAS FUEL COMPANY *v.* WORKMEN'S COMPENSATION APPEAL BOARD

(No. 8555)

Submitted April 13, 1937. Decided April 20, 1937.

*Crockett & Tutwiler,* for appellant.
*Christie & Christie,* for respondent Gwin Widener.

RILEY, JUDGE:

On October 2, 1934, the appellee, Gwin Widener, while employed as a tipple mechanic by the appellant, Pocahontas Fuel Company, was struck in the left eye by a sliver of steel. The piece of steel pierced the upper lid and cornea. Later it was removed by a local doctor. He was then committed to a hospital and an iridectomy performed. On October 5, 1934, he was discharged from the hospital and resumed his work with the Pocahontas Fuel Company.

As a result of his injury, Widener was awarded a seven per cent disability by the Commissioner on June 15, 1935. Objection to this award was made and a hearing was held on October 30, 1935. On February 25, 1936, the Commissioner entered a formal order directing Widener to appear in Charleston for examination. An appeal having been taken to the Workmen's Compensation Appeal Board, the Appeal Board reversed the Commissioner and on June 20, 1936, directed the Commissioner to make a finding. On July 29, 1936, the Commissioner entered an order, affirming his order of June 15, 1935. From this order, an appeal was taken to the Workmen's Compensation Appeal Board. On October 24, 1936, the Appeal Board entered an order reversing the award of the Commissioner of June 15, 1935, and awarding Widener compensation of eighty per cent of the disability of thirty-three per cent fixed by law for the loss of the vision of one eye or twenty-six and four-tenths per cent. From the order, the Pocahontas Fuel Company takes this appeal.

Sub-section (e) of section 6, article 4, chapter 23 of the Code provides:

"(e) The total loss of one eye, or the total and irrecoverable loss of the sight thereof shall be considered a thirty-three per cent disability, and the injured employee shall be entitled to compensation for a period of one hundred and thirty-two weeks,

"For the partial loss of vision in one, or both eyes, the percentage of disability shall be determined by the commissioner, using as a basis the total loss of one eye."

The Commissioner's award apparently was based on the percentage of loss of vision after correction with the use of glasses. The award provided for in the order of the Appeal Board was based on percentage of loss of vision without use of glasses. The evidence amply sustains the findings of fact by both the Commissioner and the Appeal Board. Therefore, the only question presented on this appeal is whether, under said sub-section (e), the claimant shall be compensated for the loss of vision with correction by the use of glasses or without such correction. This question involves an interpretation or construction of the statute. It has never been passed on by this court. An examination of the authorities would seem to indicate that a conflict of authority exists among the courts of the country. 99 A. L. R. 1507; 73 A. L. R. 716; 24 A. L. R. 1469; 8 A. L. R. 1330. This conflict of authority is more apparent than real. Many of the cases are founded upon statutes based upon the theory that compensation was payable only when the accident led to loss of earning power. The West Virginia statute provides for compensation for loss of eye or vision, total or partial, attributable to a permanent injury. Nothing in the statute indicates an intention on the part of the legislature that glasses or corrective lens should be considered in determining the loss of the whole or a fractional part of the vision of an eye. The statute is clear and subject only to the interpretation made by the Appeal Board. This position, we think, is amply sus-

568

tained by authority. *Petrillo Co.* v. *Marioni,* 3 W. W.
Harr. (33 Del.) 99, 131 A. 164; *Marland Refining Co.* v.
*Colbaugh,* 110 Okla. 238, 238 P. 831; *Johannsen* v. *Union
Iron Works,* 97 N. J. L. 569, 117 A. 639; *Travelers' In-
surance Co.* v. *Richmond,* (Tex. Civ. App. 1926) 284
S. W. 698; *Butch* v. *Shaver,* 150 Minn. 94, 184 N. W.
572.

For the foregoing reasons, the order of the Appeal
Board, complained of, is affirmed.

*Affirmed.*