## CLINTON O. KELTZ *v.* CEREAL & FRUIT PRODUCTS, LIMITED.

### No. 2324.

SUBMITTED SEPTEMBER 9, 1937.      DECIDED OCTOBER 7, 1937.

### COKE, C. J., BANKS AND PETERS, JJ.

#### OPINION OF THE COURT BY COKE, C. J.

This appeal is here on exceptions to the decision and judgment of the circuit court denying compensation to appellant under the territorial Workmen's Compensation Law for alleged permanent partial disability claimed to have been sustained by him during the course of his employment in the services of the appellee. The facts of the case are simple and are not in controversy.

The appellant was employed by the appellee in a clerical capacity and while so employed a foreign substance entered one of his eyes causing a small scar on the retina. The appellant duly filed notice of his injury with the industrial accident board and was awarded compensation for temporary total disability as well as his medical, surgical and hospital services and supplies as the nature of

the injury might require. He was also awarded compensation for permanent partial disability. On appeal to the circuit court the order of the industrial accident board awarding compensation for permanent partial disability was set aside. This appeal, therefore, involves but the one single question, namely, the right of appellant to have compensation for his alleged permanent partial disability to perform his duties.

It is agreed by the parties that the evidence shows that without the aid of glasses the vision of appellant's injured eye was impaired to the extent of 51.1% but by the use of glasses appellant's vision became normal and there was no loss or reduction in the visual efficiency of his injured eye. It is further agreed that following appellant's period of recuperation he returned to his duties with the appellee, his employer, at his former salary and is able to discharge his duties normally and as efficiently as he was able to perform them prior to the injury and that he has since received an increase in salary. The one question, therefore, involved in this appeal is whether an employee, who sustains an injury which permanently impairs one of his eyes to the extent that the vision thereof is reduced to less than fifty per cent but by the use of a corrective lens the sight becomes normal and there is no impairment of his ability to perform his work, is entitled to recover compensation for permanent partial disability under the provisions of chapter 245, R. L. 1935, known as the Workmen's Compensation Law.

Sections 7492 and 7493, R. L. 1935, make provisions for compensation to an employee injured by an accident arising out of and in the course of his employment which results in total disability, partial disability or permanent partial disability, the compensation being based on the percentage of weekly wage received by the employee. It is

of importance to bear in mind that in this jurisdiction the right to compensation presupposes "disability for work" either total or partial as the case may be and as pointed out in *In Re Martin,* 33 Haw. 412, "the ultimate purpose of the statute is to compensate the injured workman in part at least for the actual wages which but for the accident he would have earned." And again in *In Re Palama, ante,* p. 65, "the great purpose of the Act in so far as it relates to the type of injury we are now considering is to provide means for compensating the employee for pecuniary loss arising out of his disability to work." (See also *Ching Hon Yet* v. *See Sang Co.,* 24 Haw. 731.)

Measured by this standard it seems clear that the appellant is not entitled to compensation for permanent partial disability to work. He is suffering no pecuniary loss because of the injury; in fact his compensation has been enhanced and the mere fact that to properly perform his duties he must resort to an everyday and readily available means of restoring normal eyesight we think would not justify an award to him for permanent partial disability. Such an award would mean that the employee would be in receipt concurrently of compensation for disability and an increased wage for performing his work. This would do violence to the spirit and intent of the statute. The purpose of the law is not to provide compensation for physical suffering but is solely for the purpose of compensating the injured employee for the loss or reduction of earning power. "The physical suffering must be borne by the employee alone; the laws of nature prevent this from being evaded or shifted to another, and the statute makes no attempt to afford an equivalent in compensation. But, besides, there is the loss of earning power; a loss of that which stands to the employee as his capital in trade. This is a loss arising out of the business, and, how-

ever it may be charged up, is an expense of the operation, as truly as the cost of repairing broken machinery or any other expense that ordinarily is paid by the employer." *New York Central R. R. Co.* v. *White,* 243 U. S. 188.

The precise issue involved in this appeal has had the attention of numerous courts of the mainland resulting in a lack of harmony among them due in many instances to the absence of uniformity of legislation on the subject. As an illustration, in Delaware, as pointed out in *Alessandro Petrillo Co.* v. *Marioni,* 131 Atl. 164, under the Workmen's Compensation Law of that State, compensation to an injured employee is granted on the basis of the injury sustained regardless of the loss of earning power.

In Missouri, as held in *Graf* v. *National Steel Products Co.,* 38 S. W. (2d) 518, the award of compensation, under the statute of that State, "is based upon disability due to the loss of a member or a part of a member or function and not upon diminution of earning power by reason of the loss of function."

Many other States have like statutory provisions but the Hawaiian statute, similarly as that of New York, Texas, Minnesota, Michigan and some other States, restricts the award of compensation for permanent partial disability to diminution of earning power, "disability for work" as distinguished from physical injury.

In an early case decided by the supreme court of Minnesota, that is *Butch* v. *Shaver,* 184 N. W. 572, it was held that the claimant was entitled to be awarded compensation for the loss of an eye although two-thirds' vision could be restored by the use of glasses. In *Foster* v. *Schmahl,* 268 N. W. 631, a more recent case, the Minnesota court repudiated its former decision, saying: "It is insisted that this court in Butch v. Shaver, 150 Minn. 94, 184 N. W. 572, adopted the rule that 'compensation for the loss of

vision should be determined without resort to correction by glasses.' We do not so construe the holding of that case. * * * If there be an implication of the adoption of the foregoing quoted rule this court now must depart therefrom."

In the State of New York where the theory of the law of that State is not indemnity for the loss of a member or physical impairment but compensation for disability to work ascertained on the basis of an average weekly wage, it has been consistently held that where the vision of an injured eye may be entirely overcome by the use of glasses no compensation for permanent partial disability may be awarded. (See *Frings* v. *Pierce-Arrow Motorcar Co.,* 169 N. Y. S. 309; *M'Namara* v. *M'Harg-Barton Co.,* 192 N. Y. S. 743; *Bochecchio* v. *Charnin Contracting Co.,* 205 N. Y. S. 350.) *Cline* v. *Studebaker Corporation,* 155 N. W. 519, involved a claim for compensation for an injury to claimant's eye resulting in the loss of ninety per cent of the vision thereof without glasses. By the use of glasses the loss of sight was reduced to fifty per cent. An award for total loss of the eye was carried on appeal to the supreme court of the State which said: "Under these circumstances it seems impossible to say that the injury has resulted in the loss of the eye. The use of glasses is a very ordinary occurrence, both by the young and the old. It is unnecessary to determine whether the loss of 90 per cent. of the sight is substantially the loss of the eye, because that is not the present case. Ninety per cent. of the sight is not lost when it can be diminished to 50 per cent. by the use of common appliances. And it is the duty of the sufferer to minimize the injury as much as he reasonably may."

The question came before the United States Court of Appeals of the District of Columbia in *Washington Ter-*

*minal Co.* v. *Hoage,* 79 F. (2d) 158. This was a proceeding commenced in the supreme court of the District of Columbia against Robert J. Hoage, deputy compensation commissioner, and Herbert M. Poff, claimant, to set aside or reduce an award granted to the latter by the deputy commissioner. The award to the injured employee was made under the authority of the Longshoremen's and Harbor Workers' Compensation Act, c. 509, 44 Stat. 1424, as amended by the act of May 26, 1934, 48 Stat. 806, 33 U. S. C. § 901, et seq. (33 USCA § 901, et seq.), which was extended to the District of Columbia by an Act of Congress dated May 17, 1928, c. 612, 45 Stat. 600, D. C. Code 1929, tit. 19, §§ 11, 12 (33 USCA § 901 note). Poff, a mechanic's helper in the employ of the company, suffered injuries to his eyes resulting in one hundred per cent loss of vision of his left eye and twenty-five per cent loss of vision of his right eye but by the use of corrective lenses the vision of the right eye was restored to normal and the vision of the left eye was restored to fifty per cent of normal. Following temporary disability claimant was reemployed by the company at an increased salary. In setting aside the award the court of appeals said: "The record discloses that there has been no change in the physical condition of Poff's eyes, but nevertheless that by means of the use of properly adjusted eyeglasses he possesses the use of his right eye to the degree of 100 per cent., and of his left eye to the degree of 50 per cent., normal vision. The question therefore arises whether Poff's vision when using eyeglasses shall be taken as the basis for determining his loss of vision under subsection (16), supra, or whether the vision of his eye without glasses should control. The deputy commissioner adopted the latter view and held that Poff had suffered 'a permanent partial disability of 100 per cent. of loss of vision of the left eye and, in addi-

tion thereto, has a permanent partial disability equivalent to 25 per cent. of such disability as he would have sustained had he lost the vision of his right eye.' In our opinion this decision was erroneous for the reason that the deputy commissioner, when passing upon the extent of Poff's vision, should not have excluded from consideration the assistance which he could receive from the use of glasses. The use of eyeglasses as an aid to vision is so commonly understood and employed that no person would be considered as having lost 80 per cent. of his vision if at the same time by the use of glasses he would possess 50 per cent. of normal vision. Therefore, according to the reasonable construction of the statute, it should be held that one possessing 50 per cent. efficiency of vision in an injured eye when using glasses cannot be classified as having lost the use of 80 per cent. of the vision of such eye. It must be remembered that the award payable to the employee under the statute is for 'disability' which means incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment (section 2, subsec. 10 of the act, 33 USCA § 902 [10]). The intention of the law is to provide compensation for loss or disability in earning power and not indemnity or damages for injury to a member of the body. It is consistent with the purpose of that act that the disability of an employee resulting from an injury to his eyes should be considered with reference to the benefit resulting from the use of glasses."

The territorial statute provides compensation for loss of earning power and not indemnity by way of damages for injury to a member of the body. The claimant, to be entitled to the award which he now seeks, must have received an injury "partial in character but permanent in duration" which has resulted in "disability for work." No

such disability exists where a person who has received an ocular injury may by merely resorting to the common, inexpensive and convenient use of glasses have normal vision. The appellant in the present case by the aid of a corrective lens enjoys normal vision and is able to discharge his duties in the clerical position held by him prior to the injury and which he now holds with undiminished efficiency. He has sustained no loss of earning power as is clearly shown by the fact that he is now earning an increased salary. He therefore is entitled to no compensation based upon his claim of permanent partial disability.

The exceptions are overruled.

*J. D. Flint, J. V. Esposito* and *A. G. Bowman* for appellant.

*Henshaw & Ouderkirk* for appellee.