BURDINE'S INC., employer, and Indemnity Insurance Company of North America, carrier, v. JESSE GREEN, employee, and Florida Industrial Commission.

7 So. (2nd) 460                                     Division B
April 10, 1942                    Rehearing Denied May 2, 1942

McKay, Dixon & DeJarnette and T. A. Whiteside, for appellants.

J. Tom Watson, Attorney General, and Lewis W. Petteway, Assistant Attorney General, for appellees.

THOMAS, J.:

The original award was made by the deputy commissioner who found that the claimant while employed by Burdine's, Inc., suffered a permanent injury to one of his eyes which diminished its normal vision more than eighty per cent. It was established that by the use of glasses this deficiency could be reduced to about forty-four per cent. He allowed the claimant eighteen dollars compensation per week for a period of forty-

four weeks and ordered the employer, through its insurer, to furnish the injured employee with proper lenses to decrease the impairment.

When the matter reached the Industrial Commission the order was revised so that the payments were increased from forty-four to one hundred weeks and the provision for furnishing glasses was deleted. The latter ruling was affirmed by three circuit judges when it reached them on appeal. Thus there are presented to us two questions: the sufficiency of the evidence to establish any responsibility of the employer and the interpretation of the provisions of the Workmen's Compensation Act with reference to the amount that should be allowed if the employee is entitled to recovery.

From our examination of the evidence we are not disposed to interfere with the ruling on the first proposition, so we will proceed to a consideration of the other question which confronts us. This seems to be the first occasion in this court for establishing the standard of computing awards in cases of partial loss of vision as the result of accidents arising out of employment.

Statutory basis for the recovery is found in paragraph (c) of Section 15, Chapter 17481, Laws of Florida, Acts of 1935, where, under the title "Permanent Partial Disability" it is provided that for "disability partial in character but permanent in quality the compensation shall be" a certain per centum "of the average weekly wages" which varies according to the number of dependants of the claimant. Then follows the provision that "one hundred weeks compensation" shall be paid to the employee for the loss of an eye and still further that "Compensation for

permanent partial loss or loss of use of a member may be for proportionate loss or loss of use of the member," sub-paragraph (19), but sub-paragraph (16) a "loss of 80 per centum or more of the vision of an eye shall be the same as for the loss of the eye."

Applied to the facts in the instant case the question is simply whether compensation should be made for the full period of one hundred weeks because of a loss exceeding eighty per centum or for the number of weeks corresponding to the percentage of loss after its reduction by artificial means. The authorities are not in harmony on the method of fixing the amount of the recovery in such circumstances but at the outset it is noteworthy that the supreme court of West Virginia in the case of Pocahontas Fuel Co. v. Workmen's Compensation Appeal Board, 118 W. Va. 565, 191 S. E. 49, observed that the statute of that state contained nothing that showed an intention of the legislature that the use of eye glasses should be considered in determining the amount of an award for injury to the claimant's eyes. That is equally true in Florida and although it might appear upon cursory examination to be a practical means of arriving at the compensation to be allowed there is no express authority for it.

If we indulge this construction in favor of the appellants it means, of course, that by supplying the claimant with glasses the percentage of injury would be lowered from more than eighty to forty-four per cent, with the result that compensation would be reckoned in proportion to the loss and the claimant would be precluded from receiving an award for the full amount.

It occurs to us however that the legislature did not intend that such artificial means should be taken into account in computing compensation and we have, in considering this aspect of the case, been impressed with the decision of the Supreme Court of New Jersey, Johannsen v. Union Iron Works, 97 N.J.L. 569, 117 A. 639, dealing with this subject. As there pointed out it could not be successfully argued that one who must wear glasses because of permanent injury to an eye is not handicapped and is as free in the use of his eyes as one who does not require artificial lenses to strengthen his vision.

In the instant case it can hardly be denied that if the claimant uses the eye glasses made necessary by the accident he will always be impeded to some extent in any work that he does and the compensation, which is in the nature of insurance, as distinguished from damages, should, in our opinion be allowed for the full period of one hundred weeks, the injury being total as well as permanent.

It has been plausibly argued that decisions of the Supreme Court of New York construing the statute, very like the one in Florida, should be followed but our study of the briefs convinces us that there is law to the contrary in states where similar statutes also may be found. In making our choice of the decisions which we will follow we are inclined to align ourselves with those courts holding that the criterion for arriving at proper awards where there is injury to an eye is the percentage of that injury regardless of the use of artificial lenses.

The order of the circuit court is affirmed.

BROWN, C. J., TERRELL and CHAPMAN, JJ., concur.