REYNOLDS v. STATE INDUSTRIAL COMMISSION et al.

No. 33717. Feb. 8, 1949.

*202 P. 2d 994.*

Cheek, Cheek & Cheek, of Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., and Mont R. Powell and Anthony R. Kane, both of Oklahoma City, for respondents.

HALLEY, J. Prior to the making of the award against the Fund, an award was entered against Green-Phillips Chevrolet Company, employer of petitioner William B. Reynolds, and its insurance carrier upon joint petition settlement. The Commission, in its order approving the settlement, expressly retained jurisdiction to proceed against Special Indemnity Fund.

The evidence shows that on the 5th day of November, 1947, while in the employ of Green-Phillips Chevrolet Company, petitioner received an injury to his left eye resulting in a disability to the eye; that he was then a physically impaired person in that as a result of a prior accident he sustained the loss of his right eye. The evidence also shows that the petitioner was paid by his employer and its insurance carrier on joint petition settlement the sum of $2,100 for loss of left eye, plus $50 bonus, and that he had theretofore received the sum of $353.50 temporary total disability.

The Commission, in substance, found that on the 5th day of November, 1947, petitioner, while in the employ of Green-Phillips Chevrolet Company, sustained an accidental personal injury arising out of and in the course of his employment, to his left eye, which resulted in 100 per cent loss of use of the eye; that he was then a physically impaired person in that as a result of a prior accident he had lost his right eye; that as a result of both injuries he is permanently totally disabled and entitled to recover for his combined disabilities the total sum of $10,500, and after deducting therefrom the per centum of the disability assessable against the employer and its insurance carrier as a result of the last injury, the loss of the left eye, and a further deduction of the sum of $2,100, loss of right eye sustained as a result of the prior accidental injury, entered an award against the Fund in the sum of $5,896.50.

It is contended by the petitioner that under its findings the Commission im-

properly computed the amount of compensation he was entitled to recover against the Fund; that he did not receive the full amount to which he was entitled. It is asserted that the Commission erroneously deducted from the compensation he was entitled to receive for his combined disabilities the sum of $2,100 first injury disability, the loss of the right eye, or the percentum of disability which constituted him a physically impaired person. With this contention we agree. The amount of compensation petitioner is entitled to recover from the Fund in the instant case is fixed by the 1945 Act, 85 O.S. 1945 Supp. §172.

Under the above section, where an employee who is a physically impaired person receives a subsequent accidental injury compensable under the Workmen's Compensation Law, which results in additional personal disability so that the degree of disability caused by the combination of both disabilities is materially greater than that which would have resulted from the subsequent injury alone, the employee is entitled to receive compensation on the basis of such combined disabilities. If the combined disabilities constitute a permanent total disability, then he is entitled to recover compensation on the basis of permanent total disability. If, however, his combined disabilities result only in a permanent partial disability, then he is entitled to recover full compensation for such combined disabilities as provided by law, after deducting therefrom the percentum of that disability which constitutes him a physically impaired person. The employer is made liable for that degree or percentum of disability which resulted from the last injury alone and the Special Indemnity Fund is made liable for the balance.

It will be noted that the deduction allowed under the above section from compensation recoverable by the employee for his combined injuries is not authorized when such combined injuries result in a permanent total disability.

Such deduction is only authorized when the combined injuries result in a permanent disability less than total.

The Fund does not controvert the above statement. It in effect admits that under the finding of the Commission it improperly computed compensation. It, however, contends that the evidence does not support the finding of the Commission that the petitioner, as a result of both injuries, is permanently totally disabled. On the contrary, it asserts the undisputed evidence shows that as a result of his combined injuries he is only permanently partially disabled, and that notwithstanding the Commission made a finding to the contrary, under the evidence the amount awarded against it is substantially correct and should be sustained. This contention cannot be sustained. After carefully reviewing and considering the evidence, we reach the conclusion that the finding of the Commission in this respect is amply supported by the evidence. The medical testimony is undisputed that as a result of the injury sustained on November 5, 1947, petitioner is industrially blind in his left eye without correction; that he was then industrially blind in the right eye as a result of a prior accident; and that as a result of both injuries he is industrially blind in both eyes without correction as to the left eye. The medical testimony also shows that by use of glasses equipped with proper lenses petitioner would have some useful vision in his left eye, approximately 40 per cent and sufficient vision to do some types of work; but that even with the use of such glasses he would be able only to see clearly within a particular point or distance and would not be able to see beyond or outside that point or distance with efficiency.

The Fund contends that since the medical evidence shows that by the use of glasses petitioner would have sufficient vision to do some work, the finding of the Commission that he is permanently totally disabled cannot be

sustained. We do not agree. We have heretofore held that the State Industrial Commission is not required, under the Workmen's Compensation Act, to take into consideration that the effect of a permanent injury to the eye might be minimized by artificial means in fixing the award for such permanent injury. Marland Refining Co. v. Colbaugh, 110 Okla. 238, 238 P. 831; Parrott Motor Co. v. Jolls, 168 Okla. 96, 31 P. 2d 925.

Since the evidence shows that as a result of both injuries petitioner is permanently totally disabled, the Commission was without authority to deduct from the compensation he was entitled to receive for his combined injuries the sum of $2,100, first injury disability, loss of right eye, or the percentum of that disability which constituted him a physically impaired person. The award against the Fund should have been $7,996.50 instead of $5,896.50.

Petition for review sustained and the cause remanded to the State Industrial Commission, with directions to correct its award in accordance with the views herein expressed.

ARNOLD, V. C. J., and WELCH, CORN, GIBSON, LUTTRELL, JOHNSON, and O'NEAL, JJ., concur.