## MARTINEZ v. PAN AMERICAN AIRWAYS, Inc., et al.

Circuit Court, Dade County, Civil Appeal.
July 22, 1949.

Dixon, DeJarnette & Bradford, Miami, for appellants.

Leo Sheiner, Miami, for appellees.

Before GEORGE E. HOLT, Senior Judge, and STANLEY MILLEDGE, N. VERNON HAWTHORNE and MARSHALL C. WISEHEART, Circuit Judges.

STANLEY MILLEDGE, Circuit Judge.

Martinez, at the time he was hurt, had an uncorrected vision of less than 20% efficiency, a corrected vision of 94.5% efficiency. An accident on the job destroyed the vision of his right eye and glasses do not help that eye. After a series of operations the employee can see to work with his left eye. He was allowed recovery for the loss of one eye by the deputy commissioner and affirmed by full commission.

The employer says that Green v. Burdine's (Fla.), 7 So. 2d 460, requires us to compare Martinez' condition without glasses before and after injury to ascertain the extent of his loss and since, without glasses, he had less than 20% visual efficiency before injury, he couldn't lose anything by the accident because he was commercially blind to begin with. This argument assumes that immediate effect on vision is the only test of eye damage. As a matter of common sense this is not the case as the language of the Burdine case shows.

Even if the employer's logic were sound, courts do not follow logic into conclusions absurd on their face. As a result of the accident the employee lost completely the use of an eye which before was, by correction, functioning at 94.5% efficiency. Logic is not capable of proving that he lost nothing.

This situation well illustrates Justice Holmes' famous dictum that experience not logic is the life of the law.

This case can, however, be disposed of on a different ground. The claimant lost the use of his right eye such as it was whether we begin with his eye, without glasses, at less than 20% efficiency, or with glasses at 94.5% efficiency. The law no more requires that the eye lost must be a perfect eye than it requires that a leg lost must be a perfect leg. If the eye, leg or another compensable member, is capable of performing the function for which the man was hired, the loss is complete.

The cases cited in the employee's brief support this aspect of the case. That the New York courts were not followed in the Burdine case has no bearing on the question of total loss of the vision of an imperfect eye. It is sufficient here to cite Hobertis v. Columbia Shirt Co., 186 App. Div. 397, 173 N.Y.S. 426.

A reasonable fee for the employer's counsel in the appeal to this court is $300.

The decree appealed from is affirmed with allowance to appellee's counsel of $300.