390 P.2d 125

**WESTERN CONTRACTING CORPORA-TION (Employer) and Employers Mutual Liability Insurance Company of Wisconsin (Carrier), Plaintiffs,**

v.

**INDUSTRIAL COMMISSION of Utah and Leo A. Davis, Defendants.**

No. 9970.

Supreme Court of Utah.

March 6, 1964.

Clyde, Mecham & Pratt, Frank J. Allen, Salt Lake City, for plaintiffs.

A. Pratt Kesler, Atty. Gen., Frederick S. Prince, Jr., Asst. Atty. Gen., Salt Lake City, for defendants.

WADE, Justice:

Plaintiff, Western Contracting Corporation, seeks a reduction in the Industrial Commission's award to Leo A. Davis of 100 weeks workmen's compensation for total blindness of one eye. The parties stipulated that on May 9, 1961, in the course of his employment, Davis' right eye was injured by a piece of steel from a hammer, causing essentially total blindness to such eye, but that with the use of an optical lens, a substantial function of the injured eye is restored. Plaintiffs contend that this restoration of the function of the injured eye by the use of an optical lens shows he is not totally blind in one eye and requires a reduction in the award.

Section 35–1–66, U.C.A.1953, as amended, provides compensation of 60% of the average weekly wages up to $40.00 per week, but with dependents, up to $54.25 per week for a

specified number of weeks for each of 35 losses of specified bodily parts and functions. That section further states that such payments "shall be in addition to the compensation hereinbefore provided for temporary total disability." The last of such specified losses requires an award of 100 weeks for total blindness of one eye. The Commission awarded Davis the full amount provided for total blindness in one eye.

This section contains the further provision that for any other disfigurement or loss of bodily functions not otherwise provided for, the Commission should award such period of compensation as it considers equitable. This provision would authorize a reduction in the award on account of restoration of part of the eye function by artificial optical lens if the full award is not authorized by our statute. There is an express provision for 180 weeks award for the loss of a leg so near the hip joint as to preclude the use of an artificial limb, with only 150 weeks award for loss of a leg at or above the knee permitting such use. Many of the losses separately scheduled in this statute are much more similar than these, and the legislature, had it so intended, could easily have scheduled two different losses, one for total blindness of one eye, and one for such total blindness which could be substantially restored by an artificial lens.

▮ The contention that these compensation awards were created only as compensation for loss of bodily functions which reduce earning capacity is clearly not correct. Our statute expressly provides that the scheduled awards for loss of bodily parts and functions shall be in addition to the compensation provided for temporary total disability.

There is a sharp conflict in the authorities on this question.[1] Which side has the majority of the states or the modern trend is not certain. This court has not decided the question, although, in Moray v. Industrial

---

1. 8 A.L.R. 1330, 73 A.L.R. 716, 99 A.L.R. 1507, 142 A.L.R. 832; 58 Am.Jur. 784–5, Workmen's Compensation, Sec. 290.

See also the following cases which hold that the full award should be given even though a substantial restoration of eyesight would be effected by artificial appliances. Jewell Callieries Corp. v. Kenda, 110 Colo. 394, 134 P.2d 206; Alessandro Petrillo Co. v. Marioni, 3 W.W. Harr. 99, (Del.) 131 A. 164; McDonald v. State Teasurer, 52 Idaho 535, 16 P.2d 988; McCullough v. Southwestern Bell Tel. Co., 155 Kan. 629, 127 P.2d 467; Graf v. National Steel Products Co., 225 Mo.App. 702, 38 S.W.2d 518; Schrum v. Catawba Upholstering Co., 214 N.C. 353, 199 S.E. 385; Parrott Motor Co. v. Jolls, 168 Okl. 96, 31 P.2d 925; Pocahontas Fuel Co. v. Workmen's Compensation Appeal Board, 118 W.Va. 565, 191 S.E. 49; Otoe Food Products Co. v. Cruickshank, 141 Neb. 298, 3 N.W.2d 452, 142 A.L.R. 816; Johannsen v. Union Iron Works, 97 N.J.L. 569, 117 A. 639.

See also Current Trends in Basic Principles of Workmen's Compensation by Samuel B. Horovitz, published in May, August and November, 1947, issues of The Law Society Journal, Vol. XII, Nos.

# 210

Commission,[2] we quoted from Cline v. Studebaker [3] to the effect that an award for total blindness was improper where the blindness could be substantially diminished by use of common appliances. However, in the Moray case total blindness was not claimed, and we merely held, in refusing to increase an award under the provisions for "[a]ny other disfigurement, or the loss of bodily function not otherwise here provided for," that the award was ample.

Much of the differences in the decisions on this question are based on different provisions of the governing statutes.[4] Our statute seems to be among the most favorable to allowing a complete award for total blindness of one eye even though substantial restoration of eyesight could be effected by the use of an optical lens. There are many well-reasoned cases from other states which so hold.

 Whether the injury resulted in total blindness to the eye was within the prerogative of the Industrial Commission to determine. They having so found under the evidence in the instant case, we are not persuaded that they acted capriciously, arbitrarily, or unreasonably, in which event the award must be affirmed. Costs to defendant.

HENRIOD, C. J., and McDONOUGH, CALLISTER and CROCKETT, JJ., concur.

---

6, 7 and 8, and Law of Workmen's Compensation, by Arthur Larson (Matthew Bender, 1952). These two authorities last cited express extreme opposite views on our problem.
2. Moray v. Industrial Commission, 58 Utah 404, 199 P. 1023.

3. Cline v. Studebaker Corporation, 189 Mich. 514, 155 N.W. 519, 521, L.R.A. 1916C, 1139.
4. See cases referred to in the authorities cited in note 1 above.