## MARLAND REFINING CO. et al. v. COLBAUGH et al.

No. 16089—Opinion Filed June 9, 1925.

Rehearing Denied July 14, 1925.

1. **Master and Servant—Workmen's Compensation Law — Compensable Injury from Rock Tossed in Sport.**

Where an employe is on duty, engaged in rendering service to his employer, and some other employe, in a spirit of fun, throws a rock at such employe on duty, and he strikes it with a stick and the rock glances and strikes the employe on duty and injures him, the facts will support a finding by the State Industrial Commission of accidental injury occurring in the course of and growing out of the employment.

2. **Same—Permanent Injury to Eye—Award —Artificial Means as Minimizing Damage.**

The State Industrial Commission is not required, under the Workmen's Compensation Act, to take into consideration that the effect of a permanent injury to the eye might be minimized by artificial means, in fixing the award for such permanent injury.

3. **Same—Award Sustained.**

Record examined; and held to support the finding and award of the State Industrial Commission; and that the finding and award should be sustained.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Action to review a decision of the State Industrial Commission awarding compensation for accidental injury to W. F. Colbaugh. Award sustained.

Keaton, Wells & Johnston, for petitioners.

George F. Short, Atty. Gen., Fred Hansen, Asst. Atty. Gen., and Wood & Jones, for respondents.

Opinion by SHACKELFORD, C. This action was commenced in this court by original petition filed on January 13, 1925, by Marland Refining Company, a corporation, employer, and the Travelers Insurance Company, a corporation, insurance carrier, as petitioners, to review a decision and award of the State Industrial Commission in favor of W. F. Colbaugh, employe, made under the provisions of the Workmen's Compensation Act. The findings of the Commission are:

"1. That the claimant herein was accidentally injured on September 21, 1923, while in the employ of the respondent herein, arising out of and in the course of said employment.

"2. That as result of said accidental injury the claimant herein has sustained sixty per cent. loss of use of right eye.

"3. That the average daily wage of the claimant at the time of said accident was $4.80."

Upon these findings of fact the State Industrial Commission found that the claimant is entitled to compensation at the rate of $18 per week for 60 weeks, and awarded the claimant the sum of $1,080 in a lump sum.

The petitioners attack the findings and award upon two grounds:

(1) The finding of accidental injury, "arising out of and in the course of employment," is not supported by the evidence.

(2) The award is erroneous and is excessive for the reason that the State Industrial Commission made no allowance for the fact that the injured eye can be brought to normal by the use of glasses.

The first proposition raises the question of the sufficiency of the evidence offered by the claimant to support the finding of accidental injury "arising out of and in the course of employment." Under the express terms of the Workmen's Compensation Act, the State Industrial Commission is the final arbiter of the facts. The Supreme Court will examine the record for the purpose of determining, as a matter of law, whether there was competent evidence adduced at the hearing, reasonably tending to support the findings of fact. If there is such evidence, this court is not authorized to disturb the findings of fact.

The evidence adduced at the hearing is to the effect that the claimant was in the employ of the Marland Refining Company on the 21st day of September, 1923, and actually rendering service and on a salary of $142 per month, figured at an average daily wage of $4.80; that on said day the claimant and other employes were engaged in taking oil casing from one rack and hauling to another, on the employer's premises; that a fellow employe called to the claimant so as to attract his attention, and immediately threw a rock in the direction of the claimant and which the claimant struck at with a stick or shank he had in his hand, and the rock glanced and struck the claimant in the eye, doing the eye a serious injury which necessitated treatment, and has resulted in a permanent injury to the eye. There is no conflict in the evidence upon these matters. There is nothing in the evidence tending to show otherwise. It seems that the employe who threw the rock did it in a good natured spirit of fun, but there is nothing to show that the claimant was engaged in the play, aside from his duties as an employe.

The petitioners argue that while the injury was sustained in the course of, it did not arise out of, the claimant's employment. This same contention was before this court in Willis v. State Industrial Commission et al., 78 Okla. 216, 190 Pac. 92. The case here under consideration is a stronger case in favor of the claimant than was the Willis Case, supra. In that case the contention was resolved against the position taken by the petitioners here. It is quite true that there was a strong dissenting opinion filed in the Willis Case, but it is unnecessary to say that the State Industrial Commission is not controlled by the dissenting opinion; nor is the court controlled thereby. We are unable to see any difference in principle between the Willis Case, supra, and the instant case. We think that upon the evidence adduced by the claimant, and the holding of the majority opinion in the Willis Case, supra, that the State Industrial Commission was entirely justified in finding that the claimant's injury occurred in and grew out of the course of his employment. We have no inclination to differ from the majority opinion in the Willis Case, and think that the principle there announced is controlling here.

Under the second proposition, the contention is made that the State Industrial Commission, in making the award, did not take into consideration that the loss of vision in the injured eye could be minimized by artificial means—that is, by means of eye-glasses or lenses.

There seems to be no intimation in the language of the Workmen's Compensation

Act that it was any part of the legislative intent, in passing the act, that the State Industrial Commission should take into consideration that the injury could or might be minimized by artificial means. The case of Moran rv. Oklahoma Engineering & Machine & Boiler Co. et al., 89 Okla. 185. 214 Pac. 913, is cited by the petitioners as controlling, or at least persuasive upon this proposition. In that case the court was dealing with the question of whether or not the State Industrial Commission had authority to require the claimant to submit to a serious operation to minimize the injury. The court. did not, in that case, have in mind the question of minimizing the injury by artificial means. As we read that case, the statements made by the court are not even persuasive here, and certainly are not controlling. If the Legislature had, in adopting the Workmen's Compensation Act, intended that a reduction of injury by artificial means should be taken into consideration, we would expect to find some intimation of it in the act. There is no such intimation. The language of the act applicable to the condition here presented is (section 7290, Comp. St. 1921, as amended by section 6 of chapter 61 of the Session Laws of 1923):

"For the permanent partial loss of use of a member or sight of an eye, sixty-six and two-thirds per centum of the average weekly wage during that portion of the number of weeks in the foregoing schedule provided for the loss of such member of sight of an eye which the partial loss of use thereof, bears to the total loss of use of such member or sight of an eye."

The schedule provides compensation for 100 weeks for loss of an eye. The testimony justifies the conclusion that the claimant has lost 60 per cent. of the effectiveness of his eye, and this is the basis on which the Commission fixed the compensation for the claimant.

In fixing the compensation for the injured employe, the State Industrial Commission is not required to take into consideration that the loss sustained might or might not be minimized by artificial means.

We recommend that the award of the State Industrial Commission be sustained.

By the Court It is so ordered.