## ROXANA PETROLEUM CORP. et al. v. STATE INDUSTRIAL COMMISSION et al.

No 19259.   Opinion Filed Dec. 18, 1928.

J. S. Ross. H. C. Thurman, and S. J. Clay, for petitioners.

Grace Arnold, for respondent, Jones.

Ralph G. Thompson, Asst. Atty. Gen., for the Industrial Commission.

MASON, V. C J.   This proceeding was commenced in this court by the petitioners to review an award made to L. W. Jones by the State Industrial Commission. The Commission found that the claimant was in the employment of the Roxana Petroleum Corporation and was engaged in a hazardous occupation within the meaning of the statute. and while in such employment the claimant received an accidental injury on April 9, 1927; and ordered that the Roxana Petroleum Corporation, or the insurance carrier, Aetna Life Insurance Company, pay the claimant the sum of $18 per week from April 9, 1927, for a period of 100 weeks. together with all medical expenses.

The claimant was employed as a roustabout on an oil lease of the Roxana Petroleum Corporation and was required to do "all kinds of work on the lease or anything they had to do."   He was instructed as to his duties each day about 7:00 a. m.. or before. and the day's working hours bezan at 7:00 a. m.   The customary place of the men so employed upon the lease to gather each morning to receive their instructions was either the tool house or the boiler house on the lease.

On the morning of April 9, 1927. a few minutes before 7:00 o'clock, this respondent, with others similarly employed, were at the boiler house upon the lease awaiting the arrival of the lease foreman to receive their instructions for the day.   The respondent was sitting in the doorway of the boiler house.   The fireman, who was on duty at the time, threw a rock at one of the men, in play, and missed him, hitting the respondent in the left eye, which resulted in the entire loss of sight in that eye.

Petitioners herein contend that the award of the Commission was entirely unauthorized, because the accident complained of did not arise out of and in the course of respondent's employment with the petitioner, Roxana Petroleum Corporation.

The rule is well established, in this and other states, that injuries received in the course of employment from pranks or "horse-play" of fellow workmen, in which the injured party did not participate, are compensable injuries.

In Willis v. State Industrial Commission et al.. 78 Okla. 216, 190 Pac. 92, this court said:

"We think the correct rule is, and so hold in these cases. that if a workmen is an active participant in what has been denominated 'horse-p ay,' he is not entitled to compensation, but if, while going about his duties, he is a victim of another's prank, to which he is not in the least a party, he should not be denied compensation."

See, also, Marland Refining Co. v. Colbaugh. 110 Okla. 238, 238 Pac. 831.

The petitioners, in their brief, make no complaint of the above rule, but contend that the respondent, in the instant case, was not injured while in the course of his employment. insisting that there is no causal connection between respondent's situation at the time of his injury and his employment. Respondent, on the contrary. contends that his presence at the boiler house upon the lease at the time of the injury was necessary in the prompt and faithful performance of his duties.

Although there is considerable conflict among the authorities on this question. the weight of authority and the correct rule. in our opinion. is that adopted in the case of Payne v. Wall, 76 Ind. App. 634, 132 N. E. 707. 49 A. L. R. 427. wherein the court held that the course of employment. within the meaning of the Workmen's Compensation Act. does not begin and end with the actual work which the injured person was employed to do, but covers the period between his entering his employer's premises

a reasonable time before beginning his actual work and his leaving the premises within a reasonable time after his day's work is done, and during the usual lunch hour, he being in any place where he may reasonably be in connection with his duties or entering or leaving the premises by any way he may reasonably select. See Corpus Juris, Workmen's Compensation Acts, p. 81; De Constantin v. Public Service Comm.ssion (W. Va.) 83 S. E. 88; Hills v. Blair (Mich.) 148 N. W. 243; Rourke v. Holyoke Machine Co. et al. (Mass.) 129 N. E. 603, 13 A. L. R. 546; Rish v. Iowa Portland Cement Company (Iowa) 170 N. W. 532.

In Thomas v. Proctor and Gamble Mfg. Co. (Kan.) 179 Pac. 372, 6 A. L. R. 1145, a girl employee who was paid by the hour was injured in the factory during the noon hour intermission while playing with other girls so employed. The Supreme Court held that her injuries arose out of and in the course of her employment, the court saying:

"The purpose of the plaintiff and her associates in remaining in the factory after their lunch had been eaten was presumably to be on hand when work commenced, in order that there might be no delay—a matter in which the employer had an obvious interest. Their situation was quite like that of a workman who arrives at the factory and is fully prepared to begin work a few minutes before the whistle blows."

This court, in Superior Smokeless Coal & Mining Co. et al. v. Hise et al., 89 Okla. 70, 213 Pac. 303, had this question before it. A claimant, who was employed as a miner, was coming to his work, and while traveling along the customary road, on the premises of the employer, slipped on the frozen ground and sprained his wrist. This court refused to disturb the finding of the Industrial Commission that the injury arose out of and in the course of the employment. In the second paragraph of the syllabus, the court said:

"An injury arises out of the employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. If the injury can be said to have followed as a natural incident of work. and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises out of the employment."

As to whether an injury arose out of and in the course of employment, is a question of fact to be determined by the Industrial Commission, guided by the rule above stated, under the facts which are peculiarly its own, as industrial accidents are produced by so many varying circumstances that it is rather unusual to find any two or more cases that may be ruled by the same legal precedent.

Suits like the case at bar must be to reverse errors of law and not an error of fact, as a decision of the Industrial Commission, as to all matters of fact, is final.

We are of the opinion that there is sufficient evidence under the foregoing rules to warrant the Industrial Commission in finding that the injury complained of occurred in the course of the employment. Therefore, the prayer of the petitioners, that the award of the Industrial Commission be vacated, is denied.

BRANSON, C. J., and HARRISON, PHELPS, HUNT, RILEY, and HEFNER, JJ., concur.