## ANDERSON & KERR et al. v. STATE. INDUSTRIAL COM. et al.

No. 21985.   Opinion Filed Jan. 19, 1932.

Rehearing Denied Feb. 16, 1932.

Ames, Cochran, Ames & Monnet, for petitioners.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

SWINDALL, J.   This is an original proceeding instituted in this court by the petitioners above named against the respondents above named to vacate an award made by the State Industrial Commission on the 14th day of November, 1930, as modified by a subsequent order made by the State Industrial Commission on the 1st day of December, 1930.

The facts disclosed by the record are briefly as follows: On the 20th day of September, 1930, the respondent, Bill Sloan, was employed as a rotary helper by the petitioners, Anderson & Kerr, in the drilling of an oil well in the Oklahoma City field. He was an experienced oil field worker and had been in the employment of Anderson & Kerr off and on for the past three years. He drew a daily wage of $6.50 and was a member of a crew of six men working twelve hours a day from 11:30 p. m. to 11:30 a. m. The man in charge of the crew is known as the driller and in this particular instance was J. A. Jackson.   Jackson testified that the driller had charge of the men and drilling operations and as such was foreman (R. 4). On the morning of September 20, 1930, Jackson left his place at the throttle while the machinery was running and seeing the claimant, Bill Sloan, sitting on the derrick floor reading a paper, playfully picked up a sample sack and threw it at Sloan. Sloan threw the sack back and as a result Jackson and Sloan engaged for about ten minutes in frolicking and playing with two sample sacks. Finally the claimant Sloan cornered both sacks. When Sloan was in possession of both sacks Jackson commenced running to the boiler and Sloan pursued him and when Jackson got there he saw a gun lying on the work bench and picked up the gun to scare Sloan and Sloan started to run and Jackson shot down into the ground and the bullet glanced and hit Sloan about the spinal column somewhere in the small of the back partially paralyzing Sloan. The gun belonged to a man by the name of Pryor, a member of the crew. The sample bags were used to keep samples of the cuttings or sand pierced by the bit for the purpose of keeping a record of the well drilled. There was apparently no ill will between Sloan and Jackson and they had each worked for Anderson & Kerr for about three years, connected with the drilling of oil wells in the Oklahoma City field. Jackson testified that Anderson & Kerr knew him "pretty well" and knew about what he did "pretty well," and that Mr. Anderson had run a rig a whole lot himself and knows something about it, and that it was a common custom in the oil field for the employees engaged in this line of work to engage in scuffling and other frolicking for pastime and recreation. It appears from the record that when the drilling machine and the drill are working smoothly that there is not much for the crew to do except remain on the job to be in readiness to pull the casing and change bits when necessary and perform any other work that may be necessary to the proper carrying on and conducting of the drilling operations. Both the driller and the crew were required to remain on duty for twelve hours.

It is the contention of the petitioners herein, who were the respondent and insurance carrier respectively before the State Industrial Commission, that the claimant was not entitled to receive compensation for the reason that under the undisputed facts the accident did not arise out of and in the course of the employment as required by the Workmen's Compensation Law, but rather arose by reason of the fact that the claimant himself stepped aside from his employment and engaged actively in frolicking and what is commonly referred to as "horseplay" foreign to his work. We have been furnished very helpful briefs by counsel for the respective parties. The authorities are not in harmony relative to the right

of an injured employee to recover compensation in such cases, many courts holding that the injured employee cannot recover compensation for the reason that the accident did not arise out of and in the course of the employment. Several states hold that where scuffling, frolicking, "horseplay," and "skylarking" by employees for pastime and recreation while on duty have been permitted by an employer or acquiesced in by it or its foreman having charge of the employees and the work until such frolicking has become a custom in the work, then the injured employee may recover compensation under Workmen's Compensation Laws very similar to the laws of this state now under consideration. The former decisions of this court commit us to the latter rule. Willis v. State Industrial Commission, 78 Okla. 216, 190 P. 92; Stasmos v. State Industrial Commission, 80 Okla. 221, 195 P. 762; Marland Refining Co. v. Colbaugh, 110 Okla. 238, 238 P. 831. It appears to us from a careful examination of the record and authorities cited that under the environment of work of this nature, where the employees of Anderson & Kerr engaged in scuffling and throwing these samples bags for recreation and amusement, and the driller, who was foreman, was the aggressor in the frolicking or "horseplay'" indulged in at the time the respondent Bill Sloan received a serious accidental personal injury, that the same is compensable. While it was true that on prior occasions when frolicking and scuffling and throwing sample bags had been indulged in by members of the crew, a pistol or revolver had not been used, yet, the driller who was foreman on this job injected this wild west feature into the "horseplay" or frolicking and had it not been for his course of conduct the serious accidental injury to Sloan would never have resulted. We do not feel that, in accordance with reason and justice, Anderson & Kerr should be permitted to employ a foreman who has supervision and control over the crew and who becomes the aggressor in frolicking and play and while so frolicking he discharge firearms into the ground which results in a serious accidental injury to an employee and then be relieved of liability upon the ground that the "horseplay" engaged in by Jackson and Sloan was not such an act as could have been reasonably contemplated by their employer as a risk naturally incident to the nature of their employment. When they permit scuffling, throwing sample bags. and acts of that character for recreation of employees on duty, and the foreman takes one step further and discharges a pistol in the ground and a bullet glances and injures an employee who engages in the frolic at the

invitation of the foreman, it would not be in harmony with the rule that the Workmen's Compensation Law must be liberally construed to hold that under such circumstances the injured employee could not recover compensation.

A servant is deemed in his master's service whenever present to perform his duties and subject to orders, though at the given moment he may not be actually engaged in the performance of any given work. The general rule as to injuries during intermissions from labor, especially where the accident occurs on the employer's premises, is formulated from the decisions as follows in Honnold on Workmen's Compensation, vol. 1, p. 381:

"Acts of ministration by a servant to himself, such as quenching his thirst, relieving his hunger, protecting himself from excessive cold, performance of which while at work is reasonably necessary to his health and comfort, are incidents to his employment and acts of service therein within the Workmen's Compensation Acts, though they are only indirectly conducive to the purpose of the employment. Consequently no break in the employment is caused by the mere fact that the workman is ministering to his personal comforts or necessities, as by warming himself, or seeking shelter, or by leaving his work to relieve nature, or to procure a drink, refreshments, food, or fresh air. * * *"

So, in this case, while Bill Sloan was on duty the mere fact that he was reading a newspaper at the time Jackson threw the sample sacks at him does not change condition, as he was still engaged in the work of the master.

Our attention has not been called to any cases in which the frolicking or other play was commenced by the foreman. In the case of In re Moore, 114 N. E. 204, the Supreme Court of Massachusetts in its opinion says:

"On the facts as found the board rightly ruled that the employee's injury did not arise out of his employment. His foot got beyond the edge of the elevator floor in consequence of a scuffle in which he himself was the aggressor and after he had abandoned his post of duty at the elevator rope. The injury thereby suffered did not originate in any risk connected with and caused by his employment."

Here, however, it was shown that Anderson & Kerr's foreman, the man who directed the work, was the aggressor in the frolic or play that resulted in the serious injury to respondent Bill Sloan. Their foreman knew that scuffling and frolicking had been indulged in by the employees of Anderson & Kerr for three years with the knowledge

and participation of the foreman, and having existed for such length of time it is fair to presume that the same was participated in with the actual knowledge of Anderson & Kerr, and if not, knowledge to the foreman was knowledge to them. If Jackson had been injured we would have an entirely different case for consideration. Petitioners contended that in order for respondent Bill Sloan to recover compensation, he must establish by competent evidence that certain injuries arose out of certain definite kinds of play which had become customary in connection with the work and which were known to the employer to be customary, or, in other words, the same or similar play must have become a custom in the work and this too with the knowledge of the employer. We agree with this contention and are of the opinion that the facts in this case bring it within that rule. We, therefore, hold that where scuffling and frolicking by employees for pastime and recreation while on duty have been permitted by an employer or acquiesced in by it or its foreman having charge of the employees and the work for several years, and such frolicking has become a custom in the work, and the foreman is the aggressor in injecting a new element into such frolicking or playing, and injury results therefrom to an employee who participates therein upon invitation of the foreman, the master is liable to the injured employee for compensation for the accidental personal injury so sustained.

The award of the State Industrial Commission is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, ANDREWS, and McNEILL, JJ., concur. KORNEGAY, J., dissents.

Note.—See under (1) annotation in 13 A. L. R. 540; 20 A. L. R. 882; 36 A. L. R. 1469; 43 A. L. R. 492; 46 A. L. R. 1150; 28 R. C. L. 811; R. C. L. Perm. Supp. p. 6238.