## TOWN OF LINDSAY et al. v. SAWYER.

No. 22506.    Opinion Filed Feb. 23, 1932.

Rehearing Denied March 22, 1932.

Miley, Hoffman, Williams & France, for petitioners.

I. M. Bond and Henry Hinkle, Jr., for respondent.

ANDREWS, J. This is an original proceeding in this court to review an award of the State Industrial Commission awarding compensation to the respondent herein. Hereinafter he will be referred to as the claimant.

The record shows that the claimant was employed by the town of Lindsay as the superintendent of the water and light department of that town; that the town operated a water and light plant for the manufacture, sale, and distribution of water and electricity to the inhabitants of that town; that he was hired to superintend any and all operation and construction work; that as a part of his duties he unloaded the oil for the operation of the engine of the plant from the tank car, in which it was shipped to the town, into a storage tank owned by the town; that on the 13th day of December, 1930, about 3 o'clock in the afternoon, he left the city hall for the purpose of going to the tank to disconnect the connection that he had made that morning between the tank car and the storage tank for the purpose of unloading the oil; that he stopped in front of a store on Main street and talked with the owner of the store with reference to a certain appliance that the owner of the store was making for the town for use as a part of the machinery necessary in the operation of the plant; that while engaged in the conversation, a boy threw a toy torpedo onto the sidewalk; that by the explosion of the torpedo a piece of gravel was thrown into the eye of the claimant, and that the claimant sustained a 75 per cent. permanent partial loss of the vision in the right eye. For that loss he was awarded compensation, and this proceeding is to review the award so made.

It is admitted that the injury arose in the course of his employment. The petitioners contend that it did not arise out of the employment, and that the claimant was not engaged in a hazardous occupation at the time of the injury within the meaning of the Workmen's Compensation Act.

Section 7283, C. O. S. 1921, as amended by chapter 61, sec. 1, Session Laws 1923, provides that compensation shall be payable for injuries sustained by employees engaged "in the following hazardous employments, to wit:" and among the employments listed are "waterworks" and "electric light or power plants." By the provisions of section 7284, C. O. S. 1921, as amended by chapter 61, sec. 2, Session Laws 1923, the term "hazardous employment" is defined to mean "manual or mechanical work, or labor, connected with or incident to one of the industries, plants, factories, lines, occupations or trades mentioned in section 7283," with certain exceptions as to clerical workers and those engaged in agriculture, horticulture, or dairy or stock raising, or in the operation of railroads engaged in interstate commerce. When the two sections are considered together with reference to the facts in this case, they must be held to mean: Compensation provided for in this act shall be payable for injuries sustained by employees engaged in manual or mechanical work, or labor, connected with or incident to waterworks and electric light or power plants. Under the facts shown by the record in this case the claimant was engaged in a hazardous employment within the meaning of the act at the time of the injury, for at that time he was engaged in manual or mechanical work or labor connected with or incident to the waterworks and electric light plant of the town of

Lindsay, i. e., going from one place of employment to another place of employment to disconnect the connection made between the oil tank car and the oil storage tank. While subdivision 15 of section 7284, as amended, supra, provides that the act shall apply only to such employees as are engaged in manual or mechanical labor of a hazardous nature, that language was meant to apply only where several classes or kinds of work are performed and it was used for the purpose of distinguishing hazardous employment from nonhazardous employment in the same line of business. Subdivision 15, supra, must be construed in connection with subdivision 1 of the same act, and when so construed, the claimant is within the terms of the act.

The petitioners rely on the decision of this court in Ferris v. Bonitz, 149 Okla. 129, 299 P. 473, but the facts in that case are materially different. Therein the claimant, at the time of the injury, was not engaged in manual or mechanical work or labor connected with or incident to the operation and repair of an elevator in an office building. He was engaged in manual or mechanical work or labor connected with or incident to work as superintendent of janitors, i. e., cleaning out a sink. In the case at bar the claimant was engaged in manual or mechanical work or labor connected with or incident to the operation of a waterworks and electric light plant.

To sustain their contention that the injury did not arise out of the employment, the petitioners cite the case of Farmers Gin Co. v. Cooper, 147 Okla. 29, 294 P. 108. They rely upon the language used in that decision. That language is not applicable to the facts in this case for, at the time of the injury considered in that case, the claimant therein was not engaged in manual or mechanical work or labor connected with or incident to any of the industries within the provisions of the act. He was engaged in going from one town to another to secure treatment for an injury which he had theretofore received, and he was acting therein of his own volition and without the direction of his employer. There is nothing in Oklahoma Natural Gas Corp. v. Union Bank & Trust Co., 149 Okla. 12, 299 P. 159, that is here applicable, for there the injury occurred while the claimant was on his way to the place where his employment was to commence and his employment had not commenced.

The decisions of this court in Willis v. State Industrial Commission, 78 Okla. 216, 190 P. 92, Superior Smokeless Coal & Mining Co. v. Hise, 89 Okla. 70, 213 P. 303,

Marland Refining Co. v. Colbaugh, 110 Okla. 238, 238 P. 831, Roxana Petroleum Corp. v. State Industrial Commission, 134 Okla. 181, 272 P. 847, and Consolidated Pipe Line Co. v. Mahon, 152 Okla. 72, 3 P. (2d) 844, are controlling as to the facts in this case, and, under the rule therein stated, the prayer of the petitioners to vacate the award of the State Industrial Commission must be and it is denied.

LESTER, C. J., CLARK, V. C. J., and HEFNER, McNEILL, and KORNEGAY, JJ., concur. RILEY, CULLISON, and SWINDALL, JJ., absent.