HORN v. BROADWAY GARAGE et al.

*99 P. 2d 150.*

No. 29452.   Feb. 13, 1940.

Leslie L. Conner, Robert N. Chase, and P. James Demopolis (J. R. Spielman, of counsel), all of Oklahoma City, for petitioner.

Don Anderson, of Oklahoma City, for respondents.

PER CURIAM.  This is an original action brought by Haskell Horn, hereinafter referred to as petitioner, to review an order of the State Industrial Commission denying an award. The petitioner was in the sales department of the Broadway Garage at the time of his injury. He filed a claim January 9, 1939, in which he alleged that while in the employ of respondent Broadway Garage he sustained an accidental injury arising out of and in the course of his employment, by reason of which he suffered the loss of an eye.

The State Industrial Commission, by its order dated July 5, 1939, denied the award, therein finding that the evidence was insufficient to show that the petitioner sustained an accidental injury arising out of and in the course of the employment, and petitioner seeks to obtain a review of this order.

The facts disclose that the petitioner was the head of, or shop foreman, of the body, paint and repair shop; that his duties were to make estimates of all wrecks and repair jobs sent to him by the respondent. On the morning of the accident he had gone to the parts counter in another room or department, and while standing there waiting he placed a broken paper clip on a rubber band, pulled the rubber back as if to shoot the clip and the clip came off and struck him in the eye.  The accident resulted in a total loss of the eye.

We are of the opinion that the State Industrial Commission was justified in finding that the accidental injury did not arise out of and in the course of the employment.

It is the general rule that no compensation is recoverable under the Workmen's Compensation Acts for injuries sustained through horseplay or fooling which was done independently of and disconnected from the performance of

any duties of the employment, since such injury does not arise out of the employment within the meaning of the acts. Fishering v. Pillsbury, 172 Cal. 690, 158 P. 218; Twin Peaks Canning Co. v. State Industrial Commission (Utah) 196 P. 853; Hollingbach v. Hollingbach, 181 Ky. 262, 204 S. W. 152, 13 A. L. R. 524, and note 540. See, also, Texas Indemnity Ins. Co. v. Dunlap (Tex. Civ. App.) 68 S. W. 2d 664; Derhammer v. Detroit News, 229 Mich. 658, 202 N. W. 958; Industrial Commission of Ohio v. Bankes (Ohio) 189 N. E. 437; In re Moore, 225 Mass. 258, 114 N. E. 204.

In Texas Inv. Co. v. Dunlap, supra, it is said:

"It is the law of this state that an employee is entitled to compensation for an injury received in horseplay where he does not willingly participate therein. But where he voluntarily turns aside from his employment by inviting horseplay and then willfully engages therein, he cannot recover."

And in Industrial Commission v. Bankes, supra, in discussing an employee injured while scuffling, the court said:

"A different situation is presented where a claimant himself instigates and participates in such sports."

Our own decisions relating to the point are Sapulpa Refining Co. v. State Industrial Commission, 91 Okla. 53, 215 P. 933; Marland Refining Co. v. Colbaugh, 110 Okla. 238, 238 P. 831; Willis v. State Industrial Commission, 78 Okla. 216, 190 P. 92; Anderson & Kerr v. State Industrial Commission, 155 Okla. 137, 7 P. 2d 902, and J. C. Hamilton Co. v. Bickel, 174 Okla. 32, 49 P. 2d 1065. The rule announced in Hamilton Co. v. Bickel, supra, is the nearest in point. Therein the court said:

"Where a workman is going about his duties and is injured by the prank of a fellow employee, *in which prank the workman does not actively participate,* the resulting injury nevertheless 'arises out of' the employment within the meaning of the Workmen's Compensation Act. (St. 1931, sec. 13348 et seq., as amended.)" (Emphasis ours.)

Certain cases are cited by the petitioner in which awards have been entered where the injuries were sustained while engaged in horseplay. These cases either have as their basis that by custom or otherwise such horseplay has become an incident to the employment or they can be distinguished under the rule announced in J. C. Hamilton Co. v. Bickel, supra.

Under the facts and circumstances of this case, we are of the opinion, and hold, that there was sufficient evidence from which the State Industrial Commission could find that the accidental injury did not arise out of and in the course of employment, and therefore the order denying the award should be sustained. Order sustained.

WELCH, V. C. J., and CORN, GIBSON, HURST, and DANNER, JJ., concur.