EAGLE-PICHER MINING & SMELTING CO. v. DAVISON et al.

No. 30974. Dec. 8, 1942.

Rehearing Denied Jan. 19, 1943.

*132 P. 2d 937.*

14

John R. Wallace, of Miami, John Campbell, of Joplin, Mo., and A. C. Wallace, of Miami, for petitioner.

Claud Briggs and John Morrison, both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by the Eagle-Picher Mining & Smelting Company, hereinafter referred to as petitioner, to. obtain a review of an award which was made by a trial commissioner and subsequently affirmed by the State Industrial Commission in favor of George Arnold Davison, hereinafter referred to as respondent.

On October 22, 1941, the respondent was employed as a truck helper in the Henryetta smelter of the petitioner. The duties of the respondent were to assist in loading the truck with coal, and in this he was assisted by another employee. When the truck was loaded one of the helpers would accompany the truck to its destination and the other would remain at his post until the truck returned. On the date of the accident here involved an employee of the petitioner had found a dynamite cap and placed it up on a bench out of the way. The respondent, while waiting for the return of his truck, found this dynamite cap and began playing with it and amusing himself by striking the cap against objects and by attempting to frighten his fellow employee therewith

by pretending that he was going to touch a match to the cap. While so amusing himself with said cap it exploded in his hand causing severe injury to his left hand. The respondent on November 14, 1941, filed a claim for compensation on account of disability which resulted from the injury. The petitioner denied liability and assigned as reason therefor that the injury did not arise out of employment. As a result of hearings held to determine liability and extent of disability, the trial commissioner found, in substance, that the injury had arisen out of and in the course of employment, and that it had resulted in 60 per cent permanent partial disability to respondent's left hand, and awarded compensation for temporary and permanent partial disability.

The petitioner contends here that the finding of fact that the injury of respondent arose out of his employment is without the support of any competent evidence, and that likewise the finding that the injury resulted in a 60 per cent disability to respondent's left hand is unsupported by any competent evidence. It will not be necessary for us to consider this latter contention.

Under the provision of the Workmen's Compensation Act (85 O. S. 1941 § 11) compensation is payable only for disability which results from an accidental personal injury which arises out of and is received in the course of an employment which is covered by the act. As said in Indian Territory Illuminating Oil Co. v. Lewis, 165 Okla. 26, 24 P. 2d 647:

"As used in the Workmen's Compensation Law of this state, the terms 'arising out of' and 'in the course of' are not synonymous, but are conjunctive terms; the words 'out of' referring to the origin and cause of the action, and the words 'in the course of' to the time, place and circumstances under which it occurred."

See, also, Baker v. State Industrial Commission, 138 Okla. 167, 280 P. 603; Ryan v. State Industrial Commission, 128 Okla. 25, 261 P. 181; Farmers' Gin

Co. v. Cooper, 147 Okla. 29, 294 P. 108; Lucky-Kidd Mining Co. v. State Industrial Commission, 110 Okla. 27, 236 P. 600.

As said in Horn v. Broadway Garage et al., 186 Okla. 535, 99 P. 2d 150:

"It is the general rule that no compensation is recoverable under the Workmen's Compensation Acts for injuries sustained through horseplay or fooling which was done independently of and disconnected from the performance of any duties of the employment, since such injury does not arise out of the employment within the meaning of the acts. Fishering v. Pillsbury, 172 Cal. 690, 158 P. 215; Twin Peaks Canning Co. v. State Industrial Commission, 57 Utah, 589, 196 P. 853; Hollenbach v. Hollenbach, 181 Ky. 262, 204 S. W. 152, 13 A.L.R. 524, and note 540. See, also, Texas Indemnity Ins. Co. v. Dunlap (Tex. Civ. App.) 68 S. W. 2d 664; Derhammer v. Detroit News, 229 Mich. 658, 202 N. W. 958; Industrial Commission of Ohio v. Bankes, 127 Ohio St. 517, 189 N. E. 437; In re Moore, 225 Mass. 258, 114 N. E. 204."

The evidence of respondent clearly established that his injury had been received by him as the result of his acts in amusing himself with the dynamite cap, and that there was no causal connection between the employment in which he was engaged and the accidental injury which he sustained. There was no competent evidence to support the finding that the injury arose out of the employment. As said in Tulsa Rig, Reel & Mfg. Co. v. Case, 176 Okla. 262, 55 P. 2d 777:

"Where there is an entire absence of any competent evidence upon which to base a material finding of the State Industrial Commission necessary to support an award of compensation, this court will declare as a matter of law that an award based upon such unsupported material finding is unauthorized and will vacate the same."

The award under review being one which the State Industrial Commission had no jurisdiction to make, it will not be necessary to discuss the second contention advanced by the petitioner.

The award is vacated, with directions to dismiss the claim.

WELCH, C. J., and OSBORN, BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. CORN, V. C. J., and RILEY, J., absent.