The EAGLE–PICHER COMPANY,
Petitioner,

v.

Marion McGUIRE and State Industrial Commission of the State of Oklahoma, Respondents.

No. 37533.

Supreme Court of Oklahoma.

Feb. 12, 1957.

A. C. Wallace, John R. Wallace, Ben T. Owens, Miami, for petitioner.

Bailey & Pitchford, Okmulgee, Mac Q. Williamson, Atty. Gen., for respondents.

WILLIAMS, Justice.

Marion McGuire, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed by the Eagle-Picher Company he sustained an accidental injury on February 25, 1955, when he injured his back. The State Industrial Commission entered an award for permanent disability to the back and this proceeding is brought by petitioner to review the award.

The record discloses that claimant was injured when a fellow employee threw a bucket, used in the work of making pottery, at claimant causing a back injury. The extent of the disability is not in dispute. The evidence is in conflict as to how the cause for the employee hitting claimant arose. The claimant testified that the injury, occurred just after the noon hour and the employees had been back to work about thirty minutes. The testimony continues:

"A. So us men were walking around there talking, to each other like we always do. So I walked up here to where Churchwell was.

"Q. What was Churchwell doing at that time? A. Feeding this pug machine.

"Q. That is Clinton Churchwell? A. Yes. His pants were torn in the seat, right down the crotch. I just slapped him like that, and said, 'Churchwell, your pants are torn,' and he just pulled back that way, and I run down the side of the tail board and the bucket hit me in the back.

"Q. Approximately how far did you walk with your back to Churchwell? A. My back was to him.

"Q. Did you ever turn around? A. No, I never even looked back.

"Q. How far had you walked when this bucket hit you in the back? A. I will say about ten or twelve feet, something like that.

"Q. What type of bucket was it? A. Feed bucket.

"Q. What is a feed bucket? A. Well, what you feed the—

"Q. What was the weight of that, if you know? A. I figure it was twelve to fifteen pounds. Pretty heavy bucket.

"Q. It could weigh twenty pounds?"

The single issue presented is, the State Industrial Commission erred in finding that the accidental injury arose out of and in the course of the employment. Both parties discuss Swift & Co. v. Forbus, 201 Okl. 516, 207 P.2d 251. In sustaining an award therein it was held there was competent evidence to support the finding that the fellow employee causing the injury to the claimant

began a scuffle. In Horn v. Broadway Garage, 186 Okl. 535, 99 P.2d 150, the State Industrial Commission denied an award to an employee who sustained the total loss of an eye while playing with a rubber band and paper clip. The order denying the award was sustained. In Eagle-Picher Mining & Smelting Co. v. Davison, 192 Okl. 13, 132 P.2d 937, claimant was denied an award when injured while playing with a dynamite cap. Other Oklahoma cases are: Sapulpa Refining Co. v. State Industrial Commission, 91 Okl. 53, 215 P. 933; Marland Refining Co. v. Colbaugh, 110 Okl. 238, 238 P. 831; Willis v. State Industrial Commission, 78 Okl. 216, 190 P. 92; Anderson and Kerr v. State Industrial Commission, 155 Okl. 137, 7 P.2d 902; and J. C. Hamilton Co. v. Bickel, 174 Okl. 32, 49 P.2d 1065. In Horn v. Broadway Garage, supra, it is stated [186 Okl. 535, 99 P.2d 151]:

"It is the general rule that no compensation is recoverable under the Workmen's Compensation [Law] (section 13348 et seq., O.S.1931, 85 Okl.St. Ann. § 1 et seq.,) for injuries sustained through horseplay or fooling which was done independently of and disconnected from the performance of any duties of the employment since such injuries do not arise out of the employment within the meaning of the [law]."

In J. C. Hamilton Co. v. Bickel, supra, it is stated [174 Okl. 32, 49 P.2d 1065]:

"Where a workman is going about his duties and is injured by the prank of a fellow employee, in which prank the workman does not actively participate the resulting injury nevertheless 'arises out of' the employment within the meaning of the Workmen's Compensation Act. (St.1931, § 13348 et seq., as amended [85 O.S.1951 § 1 et seq.])."

The question has been extensively annotated in 13 A.L.R. 540; 20 A.L.R. 882; 36 A.L.R. 1469; 43 A.L.R. 492; and 159 A.L.R. 319. In Hartford Accident & Indemnity Co. v. Cardillo, 72 App.D.C. 52, 112 F.2d 11, an award was sustained where claimant resenting being repeatedly called "Shorty" by a fellow employee called the employee a vile name whereupon the employee assaulted claimant causing the injury. In Mutual Implement & Hardware Ins. Co. v. Pittman, 214 Miss. 823, 59 So.2d 547, 551, an employee tossed a twisted empty cigarette package at claimant. Claimant flipped a pebble at the employee. A sort time later the employee assaulted claimant. In holding that the assault arose out of and in the course of the employment the court stated:

"'* * * The entire sequence of events arose out of the fact that the work of the participants brought them together and created the relations and conditions which resulted in the clash.'"

It quoted language from Hartford Accident & Indemnity Co. v. Cardillo, supra.

In Cassell v. United States Fidelity and Guaranty Co., 115 Tex. 371, 283 S.W. 127, 46 A.L.R. 1137, the headnote is as follows:

"Pranks of employees in a business, which are inspired by nothing more than a well-nigh universal human craving for fun, constitute a hazard which one required to work with others must encounter in the performance of his duties and a risk reasonably inherent in, or incident to, the conduct of the employer's business, entitling him to compensation for injury * * * having to do with and originating in the work."

In Secor v. Penn Service Garage, 35 N.J. Super. 59, 113 A.2d 177, 181, claimant was injured when in bravado he struck a match to convince his employer there was no danger from gasoline on his clothing. Therein it is stated:

"This doctrine, that a deviation in a certain limited measure does not take the employee out of the course of employment, is applicable not only to curiosity cases, horseplay and assaults, but also to foolhardy acts. In Miles v. Gibbs & Hill, Inc., 250 N.Y. 590, 166 N.E. 335 (Ct.App.1929), affirming 225 App.Div. 839, 232 N.Y.S. 818 (1929), a trackman, whose job it was to walk a railroad track, struck a torpedo on the track with a hammer he was carrying, causing an explosion; and recovery

was allowed. See Pedersen v. Nelsen, 267 App.Div. 843, 45 N.Y.S.2d 784 (App.Div.1944); Franck v. Allen, 270 App.Div. 960, 61 N.Y.S.2d 728 (App. Div.1946); also Hall v. Carnegie Inst. of Tech., 170 Pa.Super. 459, 87 A.2d 87, 89 (Super.Ct.1952), wherein the court speaks of " 'an innocent or inconsequential departure from the line or place of duty.' "

*"We conclude then that in petitioner's very brief or impulsive act in the instant case, he had not abandoned his employment."* (Emphasis supplied.)

 Without necessarily approving all that is said in the foregoing quotation, for the reason that some of the cases and rules therein announced might be contrary to Horn v. Broadway Garage, supra, we wish to point out the force and effect of the emphasized statement as applicable to the case under consideration. The question of how the accidental injury arose is one of fact to be determined by the State Industrial Commission under the familiar rule that whether an accidental injury arises out of and in the course of the employment is one of fact and if there is any competent evidence to sustain the finding of the State Industrial Commission an award based upon that finding will not be disturbed on review. Standish Pipe Line Co. v. Johnson, 197 Okl. 238, 169 P.2d 1018. If the State Industrial Commission believed the claimant, which it had a right to do, his act was a mere incident of the day's work within the course of his employment. He had the right to anticipate no dire results from the effect of that involuntary act. As such incidental act it arose out of and in the course of his employment. The consequence of this act was an unwarranted assault. The assault likewise arose out of and in the course of the employment.

Award sustained.

WELCH, C. J., CORN, V. C. J., and DAVISON, HALLEY, JOHNSON, BLACKBIRD, and CARLILE, JJ., concur.

JACKSON, J., dissents.