**TERRY MOTOR COMPANY and The State Insurance Fund, Petitioners,**

v.

**Hunter MIXON, deceased, Della Mixon and the State Industrial Court of the State of Oklahoma, Respondents.**

No. 39247.

Supreme Court of Oklahoma.

March 14, 1961.

Rehearing Denied April 18, 1961.

Mont R. Powell, Mary Elizabeth Cox, Oklahoma City, for petitioners.

Rex H. Holden, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

Della Mixon, claimant, widow of Hunter Mixon, employee, obtained an award under the death benefit provisions of the Work-

men's Compensation Act, 85 O.S.1951 § 1 et seq. This is the third time this court is called upon to review the proceedings in the present cause. In both prior actions the award was vacated without prejudice to a rehearing in the lower tribunal. See Terry Motor Company v. Mixon, Okl., 336 P.2d 351 and 350 P.2d 953.

Challenged, as lacking evidentiary basis, is the finding of the State Industrial Court that decedent's fatal injury arose out of his employment within the meaning of the Workmen's Compensation Act. Employer asserts the record impels the conclusion that the deceased employee invited, provoked and willingly engaged in a scuffle which led to his injury.

On June 24, 1955, decedent sustained a fatal cerebral contusion while on his job as a janitor at employer's shop in Stroud, Oklahoma. As a result of trauma so received he died four days later. According to the history obtained by the attending physician, Dr. M., whose report was admitted in evidence, the deceased was injured when he "fell on the concrete floor hitting the back of his head." An identical description of the accident appears in "employer's first notice of injury." Both instruments mentioned were prepared within 3-4 days after the accident. Employer's evidence discloses that the decedent did not sustain a fall but was "flipped" or thrown by a co-employee, Roscoe Rozell. When seen on the floor of the shop, the employer and some co-workers related, the deceased was lying on his back and Rozell was on top of him. Following the incident decedent stated to several fellow employees that he hurt his head while he and Rozell were "scuffling." According to the evidence there was no ill-feeling between the two men prior to the occurrence in question. The credibility of these witnesses was challenged by the widow (claimant) who stated that shortly after the injury she sought to secure information as to its happening from the employer and the workmen at the shop. All of these persons, she related, denied then seeing the accident and disclaimed any knowledge thereof. The evidence further discloses that Rozell had previously scuffled "on the outside" (of the shop) with another co-worker. A young man, 21 years of age, Rozell was a robust individual. While only 5 foot 5 inches tall, he weighed about 210 pounds. Decedent, a much older man, was 38 years of age. Married since he was 21 he had a family of eight children, seven of whom were living. He was 5 foot 10 inches tall and weighed 180–185 pounds. There is nothing in the record to indicate that he had a reputation for pugnacity.

■ An injury inflicted upon a workman engaged in the duties of his employment through an assault or prank of a co-employee is regarded as one arising out of employment within the meaning and purview of the Workmen's Compensation Act unless the injured workman acted as the aggressor, initiator or voluntary participant in the frolic or combat in which he was injured. See Terry Motor Co. v. Mixon, Okl., 350 P.2d 953; Town of Granite v. Kidwell, Okl., 263 P.2d 184; J. C. Hamilton Co. v. Bickel, 174 Okl. 32, 49 P.2d 1065.

Rozell's own testimony of the incident was not available as he died (in December 1958) before employer could obtain his deposition. None of the witnesses who gave testimony in the case saw the inception of the alleged encounter between the decedent and Rozell. There is no evidence concerning the extent of decedent's participation, if any, in what the employer characterizes as a "wrestling match" between two willing contestants. The testimony that the fall occurred in a scuffle between two fellow workmen who had borne no animosity each to the other does tend to indicate the fight may have originated in a spirit of fun. It also reveals that the encounter was not likely actuated by a personal grudge or hostility. But it fails to throw any light upon the identity of the instigator. Nor does it conclusively show that the decedent voluntarily entered into the scuffle and actively participated therein. As we view the record, proof elicited by the employer does not destroy or negative every permissible inference from the evidence which is essen-

**182**

tial to and consistent with the widow's theory of compensability.

■ The State Industrial Court has the power to weigh the evidence and pass upon the credibility of witnesses. Much like a jury it may draw reasonable inferences from the facts and circumstances in evidence. It is also at liberty to refuse credence to any portion of the testimony deemed unworthy of belief and is not required to accord credence to the greater amount of evidence as against the lesser. Burch v. Slick, 167 Okl. 639, 31 P.2d 110; Bill Morris Tank Company v. Martin, Okl., 349 P.2d 15.

In the cause at bar the trial tribunal was authorized to give proper weight to the fact that decedent, an older, more mature individual and a provider for a large family, would not likely challenge a young and robust person for a test of pugilistic or wrestling skill. It could likewise consider the testimony of Rozell's prior engagement in a wrestling encounter and draw its own conclusions as to his disposition for fighting. Above all the trial tribunal had the right to take into consideration that shortly before the incident took place decedent was seen walking with his hoe and push broom when in process of performing janitorial work while Rozell was at leisure awaiting employer's call to drive the truck. The record when examined in its entirety does not compel a finding of injury occasioned by decedent's aggression or willing participation in scuffling. Rather, the evidence presents a chain of facts and circumstances from which reasonable men may draw opposite inferences. Toklan Production Company v. Toops, Okl., 301 P.2d 646; Eagle-Picher Company v. McGuire, Okl., 307 P. 2d 145.

■ In determining the question of whether an injury arose out of the employment the State Industrial Court is not restricted or confined to the proof adduced by the claimant but can properly consider the record in its entirety and may resolve such issue of fact from circumstantial evidence which does not rise to that degree of certainty as to preclude reasonable men from drawing opposite inferences. Burch v. Slick, supra; Tulsa Frozen Food Co. v. Pendergraft, Okl., 317 P.2d 1115; Young v. Neely, Okl., 353 P.2d 111. See also Special Indemnity Fund v. Horne, 208 Okl. 218, 254 P.2d 988. Any reasonable doubt as to whether an injury did in fact arise out of employment should be resolved in favor of the workman. Town of Granite v. Kidwell, supra.

■■ The trial tribunal determined the issue adversely to the employer and its finding is supported by the record viewed in its totality. It is neither the province nor the duty of this court to weigh the evidence or interfere with the factual determination so made. 85 O.S.1951 § 26; Greer v. Sinclair Pipe Line Co., Okl., 356 P.2d 356.

Award sustained.