Donna Kay **BOND**, Petitioner,

v.

**SOLO CUP COMPANY, Own Risk, and Workers' Compensation Court, Respondents.**

No. 55813.

Court of Appeals of Oklahoma, Division No. 2.

May 26, 1981.

Released for Publication by Order of Court of Appeals June 25, 1981.

G. E. Saunders, Hall & Saunders, Ada, for petitioner.

Henry F. Featherly, Lamum, Mock, Featherly, Baer & Timberlake, Oklahoma City, for respondents.

BOYDSTON, Judge.

This is an appeal by Donna Kay Bond (Claimant) from the order of the Workers' Compensation Court wherein she was denied benefits on the ground she had not sustained accidental personal injury arising out of or in the course of her employment.

Claimant was working the graveyard shift at Solo Cup Company (Employer) at the time the incident took place which precipitated the filing of this action. At approximately 5 a. m., she entered the ladies' lounge for the purpose of taking a ten minute work break. All the available seats were taken. However, Lynette Laster (Co-worker) was stretched out across a couch studying. Claimant asked her to move her legs. When she did not respond, Claimant sat on them. Claimant then stood up and before Co-worker had a chance to move her legs, Claimant sat on them a second time. Another worker (Ms. Farmer) then entered the lounge and Claimant and Co-worker both made room for the three of them to sit on the couch.[1]

Ms. Farmer testified she heard Co-worker say to Claimant "I asked you not to blow smoke in my face, I don't like it," just before the fight broke out but Claimant denies having heard this. Ms. Farmer said she did not know who struck the first blow but Claimant characterizes the incident as an unprovoked attack.

Claimant is smaller than Co-worker and received severe injuries as a result of the altercation. Both women were fired.

The only issue before the court is whether trial court erred in finding that Claimant did not sustain an accidental personal injury arising out of the course of employment.

The law is well established that whether an injury arose "in course of employment"

---

1. Up to this point the facts were established by Claimant's testimony alone. She claims that they were "just playing" up to the time the fisticuffs broke out.

is a fact determination to be made by the Workers' Compensation Court under the circumstances of each particular case, and, where there is competent evidence, although conflicting, reasonably tending to support determination of trial court, such decision is binding and will not be disturbed on appeal. *Howland v. Douglas Aircraft Co.*, Okl., 438 P.2d 5 (1968).

Where the circumstances are such that Claimant's injuries are allegedly the result of an assault by a fellow employee, the law is equally specific. The case of *Terry Motor Company v. Mixon*, Okl., 350 P.2d 953 (1960), sets forth the proposition that:

> Disability or death resulting from injury sustained by workman *while engaged in the duties of his employment*, through the assault or prank of a fellow workman, *where the injured workman is not the aggressor, initiator, or voluntary participant therein*, is compensable as an accidental injury arising out of or in the scope of employment, within the meaning of the Workmen's Compensation Act. (emphasis added)

The question then becomes whether Claimant, while engaged in her employment duties, was involved in the altercation through no fault of her own.

The record reflects that the workers were not engaged in their employment duties at the time but were on break. It further reflects that Claimant sat on Co-worker's legs twice and apparently blew smoke in her face. Claimant would have us believe the confrontation began in fun and rapidly escalated into hand-to-hand combat without any provocation on her part. Even so, the law does not change the ultimate outcome. *Horn v. Broadway Garage*, 186 Okl. 535, 99 P.2d 150 (1940), states:

> Generally, no compensation is recoverable for injuries sustained through horseplay or fooling done independently of and disconnected from performance of any

duties of employment, since such injuries are not compensable as "arising out of employment."

In this case, there was no connection between the injuries received and Claimant's employment except that the altercation with Co-worker occurred during working hours in the ladies' lounge.

It is the function of the trial court to weigh the evidence presented, determine credibility, draw reasonable inferences and refuse credence to any portion of testimony deemed unworthy of belief.[2]

The trial judge obviously concluded Claimant, through her conduct toward Co-worker, was an aggressor, initiator or voluntary participant in the events which transpired and there is more than ample evidence to support the court's finding under any of the established criteria.

We therefore affirm the decision of the court below.

BACON, P. J., and BRIGHTMIRE, J., concur.

---

**2.** *Loggins v. Wetumka General Hospital*, Okl., 587 P.2d 455 (1978).