**WEYERHAEUSER COMPANY, Petitioner,**

v.

**Bobby VIRGIN, and the Worker's Compensation Court, Respondent.**

No. 73882.

Court of Appeals of Oklahoma, Division No. 3.

June 19, 1990.

As Corrected Oct. 1, 1990.

Rehearing Denied July 24, 1990.

Certiorari Denied Oct. 2, 1990.

Jerry V. Beavin, Bower, Beavin & Weeks, Oklahoma City, for petitioner.

Charles L. Cashion, Lampkin, McCaffrey & Tawwater, Oklahoma City, for respondent.

## MEMORANDUM OPINION

BAILEY, Judge:

Petitioner Weyerhaeuser Company (Employer) seeks review of an order of the

Worker's Compensation Court sitting *en banc* affirming the Trial Court's award of benefits to Respondent Bobby Virgin (Claimant). Herein, Employer asserts (1) error of the Trial Court in failing to make a specific finding of fact on Employer's defense, and (2) lack of evidentiary support for the Trial Court's finding of compensable on-the-job injury.

Two of Claimant's co-employees, Moran and Britt, apparently became embroiled in a "scuffle." Claimant apparently attempted to "break up" the melee, and grabbed Britt from behind. Britt demanded to be released, and the altercation subsided. Claimant and Britt returned to their respective work.

Shortly thereafter, Britt approached Claimant and warned Claimant "never to do that again." Britt apparently produced a knife, cutting Claimant's fingers and shoulder. Britt was subsequently terminated from the employment.

Claimant then sought compensation for his injuries sustained. Employer asserted in defense to the claim that Claimant was the aggressor and/or a voluntary participant in a fight leading to his injuries, and that hence, Claimant suffered no compensable injury. The Trial Court found Claimant to have suffered accidental personal injury arising out of and in the course of the employment, and awarded Claimant benefits therefor. The Court *en banc* affirmed.

 We initially find the lower court order drawn with sufficient specificity to allow for intelligent review. *LeFlore County Wholesale Grocery v. Heavener*, 400 P.2d 167 (Okl.1965) (order too uncertain and indefinite for judicial interpretation); *Reed v. City of Tulsa*, 397 P.2d 140 (Okl. 1964) (court required to make findings sufficiently definite to allow intelligent review.) Employer announced on the record before trial that Employer "den[ied] compensable injury, that is, that [the injury did not arise] out of and in the course of the employment with Respondent." The Trial Court's order specifically recited that Employee's injury did, in fact, arise out of and in the course of the employment, and the order of the *en banc* panel affirmed that finding. We therefore reject Employer's attack on the facial validity of the lower court's order.

 As to Employer's "aggressor" defense, Oklahoma law has consistently recognized that where an employee sustains injury while engaged in fights, horseplay or like non-employment-related activities, such injury *does not* arise out of the employment. See, e.g., *Terry Motor Co. v. Mixon*, 350 P.2d 953 (Okl.1960); *Thompson v. Midgette*, 308 P.2d 645 (Okl.1957); *Terry Motor Co. v. Mixon*, 336 P.2d 351 (Okl. 1959); *Eagle–Picher Co. v. McGuire*, 307 P.2d 145 (Okl.1957); *Swift & Co. v. Forbus*, 201 Okl. 516, 207 P.2d 251 (1949); *Eagle–Picher Mining and Smelting Co. v. Davison*, 192 Okl. 13, 132 P.2d 937 (1942); *Horn v. Broadway Garage*, 186 Okl. 535, 99 P.2d 150 (1940). However, where an employee is the victim of an assault or horseplay in which the employee does not participate, and the employee is therein injured, such injury has been held to have arisen out of the employment and to be compensable. See, *Terry Motor Co. v. Mixon*, 361 P.2d 180 (Okl.1961); *J.C. Hamilton Co. v. Bickel*, 174 Okl. 32, 49 P.2d 1065 (1935); *Marland Refining Co. v. Colbaugh*, 110 Okl. 238, 238 P. 831 (1925); *Willis v. Industrial Commission*, 78 Okl. 216, 190 P. 92 (1920). Further, where the employer acquiesces in or encourages such frolic, and the employee is thereby injured, the injury is held to have arisen out of the employment and to be compensable. *Shoemake Station v. Stephens*, 277 P.2d 998 (Okl.1954); *Anderson & Kerr v. State Industrial Commission*, 155 Okl. 137, 7 P.2d 902 (1932). And cf., *Pepco, Inc. v. Ferguson*, 734 P.2d 1321 (Okl.App.1987); *Oklahoma Natural Gas Co. v. Williams*, 639 P.2d 1222 (Okl.1981); *City of Oklahoma City v. Alvarado*, 507 P.2d 535 (Okl.1973). As in other cases generally, the lower courts' factual finding of injury arising out of and in the course of the employment is binding on the courts in review if such a finding is supported by any competent evidence in the record. *Thomas v. Keith Hensel Opti-*

*cal Labs,* 653 P.2d 201, 203 (Okl.1982); *Pearl v. Associated Milk Producers, Inc.,* 581 P.2d 894 (Okl.1978).

Under these authorities, we find no error. Claimant's own testimony arguably establishes that Claimant attempted to defuse the scuffle between Moran and Britt. Claimant's testimony also supports a conclusion that Claimant was neither the initiator, aggressor nor a voluntary participant in the subsequent altercation with Britt during which Claimant suffered his injury. We therefore find competent evidence in the record to support a finding of injury arising out of and in the course of the employment.

No reversible error of law appears and the findings of fact by the Workers' Compensation Court are supported by competent evidence. The order of the Court is therefore SUSTAINED. Rule 1.202(b), Rules of Appellate Procedure, 12 O.S.1983 Supp., Ch. 15, App. 2.

HANSEN, P.J., and ADAMS, J., concur.